

K&L GATES LLP

ONE NEWARK CENTER
NEWARK, NJ  07102
T  973.848.4000   F 973.848.4001   klgates.com

July 17, 2013

Rosemary Alito
D  973.848.4022
F  973.848.4001
rosemary.alito@klgates.com

**VIA ECF**

The Honorable Susan D. Wigenton, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   Care One Management, LLC, et al v. Healthcare Workers East, SEIU 1199, *et al.*
         Civil Action No. 2:12-cv-6371

Dear Judge Wigenton:

Please accept this letter on behalf of Plaintiffs in response to Defendants' July 2, 2013 letter with regard to the recent Supreme Court decision in Sekhar v. United States, 570 U.S. __, No. 12-357 (U.S. June 26, 2013).  In Sekhar, the Supreme Court reversed an attempted extortion conviction under the Hobbs Act, 18 U.S.C. § 1951(a), holding that a public sector attorney's right to recommend the defendant's company for an investment was not the personal property of the attorney and therefore not "obtainable property under the Hobbs Act."  Sekhar, slip op. at 8.  Defendants argue that Sekhar is "directly-on-point" and "controlling" on an issue presented in Defendants' motion to dismiss.  To the contrary, Sekhar is neither directly-on-point nor controlling on any of the issues presented in Defendants' motion for several reasons.

First, Sekhar is a Hobbs Act case.  The Complaint in this matter, by contrast, alleges RICO predicate acts of extortion under state law, not the Hobbs Act.[1]  As demonstrated in Plaintiffs' opposition brief, a RICO plaintiff pleading state law extortion need not meet the Hobbs Act definition, and Plaintiffs amply plead RICO predicate acts of extortion chargeable

---

[1] Importantly, in addition to predicate acts of extortion, Plaintiffs' Complaint also sufficiently pleads RICO predicate acts of mail and wire fraud and Travel Act violations.   (ECF No. 20 at 7-12). As noted in Plaintiffs' brief in opposition to Defendants' motion to dismiss, a finding that Plaintiffs have sufficiently pled predicate acts of mail and wire fraud is alone dispositive on the issue of whether the Complaint alleges the requisite two or more predicate acts to state a pattern of racketeering.  (Id. at 7-8).  Therefore, Sekhar does not change the fact that Plaintiffs' Complaint easily survives Defendants' dismissal motion.

# K&L GATES

The Honorable Susan D. Wigenton
July 17, 2013
Page 2

under New Jersey and Massachusetts law.  (ECF No. 20 at 13-15, 18-21).  The cases previously relied upon by Defendants -- Scheidler v. National Organization for Women, Inc., 537 U.S. 393 (2003), and Wilkie v. Robbins, 551 U.S. 537 (2007) -- do not hold otherwise, as neither decision engrafts the Hobbs Act definition of extortion onto state extortion statutes as Defendants argued.  (ECF No. 20 at 15-17).  Likewise, Sekhar does not take up the question of whether a plaintiff invoking state law extortion as a RICO predicate act must satisfy the Hobbs Act pleading standards.  Sekhar's holding is restricted the narrow question of "whether attempting to compel a person to recommend that his employer approve an investment constitutes 'the obtaining of property from another'" under the Hobbs Act.  Sekhar, slip op. at 1.

Second, Plaintiffs also demonstrated in their opposition brief that even if the Hobbs Act pleading standards applied, Plaintiffs satisfied them.  (ECF No. 20 at 21-24).  Among other things, Plaintiffs allege in their Complaint that Defendants seek to obtain from Plaintiffs compulsory recognition of Defendants as the "exclusive bargaining representative" of Plaintiffs' employees.  (See Compl. ¶¶16, 77, 146).  Defendants argue that, under Sekhar, such compulsory recognition does not qualify as the "obtaining of property" for purposes of the Hobbs Act because Sekhar (and Scheidler before it) purportedly hold that the "motivation of self-enrichment" is "irrelevant to the 'obtaining of property' analysis."  (ECF No. 30 at 2).  Sekhar and Scheidler hold no such thing.  Sekhar expressly states that "Scheidler rested its decision, as we do, on the term 'obtaining.'"  Sekhar, slip. op. at 7.  As the Sekhar Court explained, "the Government hinges its case on the general counsel's 'intangible property right to give his disinterested legal opinion to his client free of improper outside interference.'"  Sekhar, slip. op. at 8-9.  Therefore, Sekhar's holding is not that self-enrichment is irrelevant, but that the government staked its case in Sekhar on property that is not obtainable.  Sekhar, slip. op. at 4 ("The text of the statute at issue confirms that the alleged property here cannot be extorted").[2]  Here, by contrast, the compulsory recognition that Defendants seek to obtain from Plaintiffs is obtainable property under the Hobbs Act.

---

[2] Indeed, both the majority and the concurrence were careful to emphasize that their decisions were restrained by the definition of property set forth by the Government and that a different definition could have led to different results.  See Sekhar, slip op. at 5 n. 2 (We need not consider those situations, however, because the Government did not charge any of them here"); see also Sekhar, slip op. at 4 n.* (Alito, J., concurring) ("To recognize than an internal recommendation regarding a government decision is not property does not foreclose the possibility that threatening a government employee, as the government's agent, in order to secure government property could qualify as Hobbs Act extortion.  Here, after all, petitioner's ultimate goal was to secure an investment of money from the government.  But the jury found only that petitioner had attempted to obtain the general counsel's recommendation, so I have no occasion to consider whether a Hobbs Act conviction could have been sustained on a different legal theory").

**K&L GATES**

The Honorable Susan D. Wigenton
July 17, 2013
Page 3

(ECF No. 20 at 27-29).  Indeed, as one court has noted, "the right to recognize (or not) a union as bargaining representative is among the most valuable and important rights possessed by business owners." Smithfield Foods, Inc. v. United Food and Comm'l Workers Int'l Union, 633 F. Supp. 2d 214, 224 (E.D. Va. 2008).

Moreover, Plaintiffs allege that through such compulsory recognition, Defendants seek to control Plaintiffs' business operations.  (See Compl. ¶¶ 16, 77, 146; ECF No. 20 at 27).  Control over business operations is also obtainable property.  U.S. v. Tropiano, 418 F.2d 1069, 1075-76 (2d Cir. 1969) (right to pursue business, including the solicitation of customers necessary to conduct such business, is property under the Hobbs Act); cf. United States v. Gotti, 459 F.3d 296, 323-24 (2d Cir. 2006) (explaining Scheidler and noting that had the protestors in Scheidler sought to take further action to benefit from their activities after having deprived the abortion clinics of their right to conduct their businesses as they wished, that would have satisfied the "obtaining property" requirement); United States v. Hui Chen, 350 Fed. Appx. 520, 522 (2d Cir. 2009) ("if a defendant interferes with a person's intangible rights for the sake of enrichment, then this constitutes both a deprivation and an acquisition of the defendant's property").[3]

Finally, Defendants' letter does not even address the other forms of property identified in the Complaint that Defendants seek to obtain from Plaintiffs, including, inter alia, millions of dollars in contributions to Defendants' grossly underfunded pension plans and physical access to Plaintiffs' facilities.  These are also forms of obtainable property under the Hobbs Act, as Sekhar expressly recognizes.  See Sekhar, slip op. at 4 ("Extortion required the obtaining of items of value, typically cash, from the victim."); cf. id., slip op. at 5 n.2 ("It may well be proper under the Hobbs Act for the Government to charge a person who obtains money by threatening a third party, who obtains funds belonging to a corporate or governmental entity by threatening the entity's agent or who obtains 'goodwill and customer revenues' by threatening a market competitor.").

In sum, Sekhar does not change the fact that Plaintiffs have amply pled RICO predicate acts of extortion in their Complaint.  Not only is the forced recognition that Defendants seek from Plaintiffs obtainable property under the Hobbs Act, but Plaintiffs have identified other forms of property (control over Plaintiffs' business, access to Plaintiffs' premises, and millions of dollars in contributions to Defendants' under-funded pension plans) that are also clearly obtainable.  Thus, even if the Hobbs Act pleading standards applied to Plaintiffs' RICO claims -- which they do not -- Plaintiffs have satisfied them.

---

[3] Sekhar in no way rejects the Second Circuit's holdings in Gotti or Hui Chen, as Defendants argue.  The Sekhar majority and concurrence do not even address Gotti or Hui Chen.  Moreover, the Sekhar concurrence expressly notes that the right to pursue a lawful business is extortable property under the Hobbs Act, consistent with the holdings of both Gotti and Hui Chen.  See Sekhar, slip op. at 5 (Alito, J., concurring) (citing cases).

K&L GATES

The Honorable Susan D. Wigenton
July 17, 2013
Page 4

I thank Your Honor for your continued attention to this matter.

Respectfully submitted,

/s/ Rosemary Alito

Rosemary Alito

cc:     Robert M. Weinberg, Esq. (via ECF)