

K&L GATES LLP
ONE NEWARK CENTER
NEWARK, NJ  07102
T  973.848.4104   F 973.848.4001   klgates.com

March 26, 2014

Rosemary Alito
D  973.848.4022
F  973.848.4001
rosemary.alito@klgates.com

**VIA ECF**

Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court District of New Jersey
50 Walnut Street
Newark, NJ 07101

**Re**:   **Care One Management, LLC, *et al* v. Healthcare Workers East, SEIU 1199, *et al*.**
**Civil Action No. 2:12-cv-06371-SDW-MAH**

Dear Judge Hammer:

We write as a follow-up to our letter to Your Honor of yesterday on behalf of the Plaintiffs in the above-referenced matter.  After we e-filed this letter, we received the attached letter from Perry Zinn Rowthorn, Deputy Attorney General for the State of Connecticut.  (Exhibit A).  In this letter, Mr. Zinn Rowthorn, on behalf of the four subpoenaed Connecticut officials (Office of the Governor, Attorney General Jepsen, State Senator Fonfara, and State Representative Morin), advised us, for the first time, that these witnesses maintain a "general objection to discovery under these circumstances."  Mr. Zinn Rowthorn asked that we make the position of these witnesses known to Your Honor.

Initially, we note that the position that these Connecticut witnesses are taking is a complete about-face from the position their counsel has taken in previous communications with Plaintiffs' counsel.  In an e-mail dated March 12, 2014, counsel for the State of Connecticut made clear that "[m]y clients are trying to comply with your subpoenas in timely manner," subject to their ability to reach agreements with Plaintiffs' counsel as to the scope of the subpoenas and the scheduling of the depositions.  (Exhibit B).  Plaintiffs can only assume that the reason for the change in these witnesses' position is that Defendants or their counsel contacted counsel for the State after receiving our letter to encourage these witnesses to interpose their newly-asserted "general objection to discovery."

Even more troubling is the fact that Defendants are apparently misrepresenting the status of this litigation to third-party witnesses in an effort to induce them not to comply with the subpoenas.  Specifically, Mr. Zinn Rowthorn writes, "[a]s we understand it, Plaintiffs seek information from the State Witnesses in order to advance RICO claims that have already been dismissed once and are again subject to a pending dispositive motion."  This is simply untrue.  As Judge Arleo stated at the January 7, 2014 Rule 16 conference:

> I read Judge Wigenton's opinion, and at a minimum, we have a Travel Act claim that's going forward . . . and that's a federal claim. . . . .  [T]here are pendent state law claims too. So no matter what happens on this renewed motion to dismiss, it looks to me that we certainly have a case going forward

Honorable Michael A. Hammer, U.S.M.J.
March 26, 2014
Page 2

>and a basis for federal jurisdiction. And I don't see a reason in a case that's already a year and a half old to really prolong or stay discovery any longer.

(1/7/2014 Tr. at 4-5).[1]  Judge Wigenton has since denied Defendants' motion to stay discovery as moot in light of Judge Arleo's rulings at the January 7 conference.  (ECF No. 48).

Defendants have repeatedly requested that this Court stay discovery pending a decision on their second motion to dismiss.  All of these requests have been specifically and repeatedly denied.  Now, in complete defiance of the Court's orders that discovery may proceed in the manner set by Judge Arleo at the January 7 conference, Defendants are apparently attempting to obstruct discovery by misrepresenting the status of this litigation to third-parties whom Plaintiffs have subpoenaed.  The Court should not countenance such tactics and should specifically allow party and third-party discovery to proceed.

We thank the Court for its continued courtesies and attention to this matter.

    Respectfully submitted,

    /s/ Rosemary Alito
    Rosemary Alito

    /s/ Michael Critchley
    Michael Critchley

    Critchley, Kinum & Vazquez, LLC
    75 Livingston Avenue
    Roseland, NJ  07068-3737
    Tel.: (973) 422-9200
    Fax: (973) 422-9700
    mcritchley@critchleylaw.com

cc:    All Counsel of Record [via ECF] [w/encls.]
       Perry Zinn Rowthorn [via e-mail to darlene.chenard@ct.gov] [w/encls.]

---

[1] Previously, counsel for Representative DeLauro expressed to Plaintiffs' counsel his understanding that tomorrow's telephone conference was a hearing on a motion to quash that subpoena, even though no such motion to quash has been filed, and Judge Arleo scheduled this conference during the initial Rule 16 conference.  Again, Plaintiffs can only assume that Defendants or their counsel are the source of this misinformation.

**EXHIBIT A**

**Barbatsuly, George P.**

**From:** "Chenard, Darlene S." <Darlene.Chenard@ct.gov>
**Date:** March 25, 2014 at 2:51:31 PM EDT
**To:** "'rosemary.alito@klgates.com'" <rosemary.alito@klgates.com>
**Subject: State Witnesses**

*Darlene Chenard*

*Executive Secretary*
*Office of the Attorney General*
*55 Elm Street*
*P.O. Box 120*
*Hartford, CT 06106*

*Phone: 860.808.5280*
*Fax:    860.808.5387*
*Email:  darlene.chenard@ct.gov*
*URL:   http://ct.gov/ag/*

**CONFIDENTIAL INFORMATION:** The information contained in this e-mail is confidential and protected from general disclosure. If the recipient or the reader of this e-mail is not the intended recipient, or person responsible to receive this e-mail, you are requested to delete this e-mail immediately and do not disseminate or distribute or copy. If you have received this e-mail by mistake, please notify us immediately by replying to the message so that we can take appropriate action immediately and see to it that this mistake is rectified.

# State of Connecticut



PERRY ZINN ROWTHORN
DEPUTY ATTORNEY GENERAL

Hartford

March 24, 2014

Leon Dayan, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., N.W.
Washington, D.C. 20005
ldayan@bredhoff.com

Rosemary Alito, Esq.
K&L Gates LLP
One Newark Center
Newark, NJ 07102
rosemary.alito@klgates.com

Dear Attorneys Alito and Dayan:

    As I know you both are aware, the Office of the Attorney General ("OAG") is representing Governor Dannel P. Malloy, Attorney General George Jepsen, State Senator John Fonfara and State Representative Russ Morin (the "State Witnesses") in their official capacities with respect to the third-party deposition subpoenas that the Plaintiffs have issued in the above-captioned matter. It is my understanding that on March 26, 2014, there will be a status conference before Magistrate Judge Michael A. Hammer, at which the parties will discuss the status of discovery. As the representative of non-parties, the OAG will not be a part of that conference. Therefore, I am writing you today to make clear the OAG's position on behalf of the State Witnesses and to ask that you make this position known to Magistrate Hammer.

    Since receiving the subpoenas, the OAG and Plaintiff's counsel have had several discussions concerning the scope of the production requests, the OAG's document collection process, the scheduling of depositions, the preservation and assertion of privileges and the issue of state witness deposition testimony. The OAG has engaged in these discussions in the spirit of cooperation, understanding that these subpoenas have not yet been withdrawn or altered by a court. We appreciate counsel's willingness to engage in such dialogue.

    I emphasize, however, that our cooperation should not be interpreted as a concession of the appropriateness of discovery served on the State Witnesses. To the contrary, the State Witnesses maintain a general objection to discovery under present circumstances. As we understand it, Plaintiffs seek information from the State Witnesses in order to advance RICO claims that have already been dismissed once and are again subject to a pending dispositive

March 24, 2014
Page 2

motion. It cannot be reasonably argued that the State Witnesses possess information necessary to defend against dismissal of those counts, nor that the Plaintiffs would suffer prejudice if required to wait to advance third party discovery until after a ruling on the pending motion to dismiss. On the other hand, Plaintiffs' discovery will undoubtedly impose distractions and burdens on the State Witnesses, among whom are the State of Connecticut's highest ranking officials. Those burdens may be entirely obviated by the Court's ruling on the motion to dismiss.[1]

    Not only is this discovery a potential distraction and burden to the State Witnesses themselves, it threatens burdens and expense for their offices and staffs. Our discussions with a number of state employees as part of the preliminary document collection process have demonstrated that the State will be required to spend numerous additional staff hours collecting, processing and reviewing responsive documents for privileges prior to their production. If third party discovery is permitted to continue, the State will be forced to engage the services of an outside vendor to assist in this task. The State should not have to spend taxpayer dollars, devote numerous hours to document review, and produce four or more state officials for deposition, including a State Senator, a State Representative, and, possibly, the Attorney General, while a motion to dismiss is pending, which, if granted, would make all of the above a pointless exercise.

    For all of the above reasons, it is the position of the OAG that the State Witnesses should not have to devote any additional time to responding to the subpoenas until the Motion to Dismiss is decided. We do not want either party or the Magistrate Judge to interpret the measures we have taken up to this point as an indication that the OAG or the State Witnesses believe the subpoenas to be appropriate or non-burdensome.

    Should you wish to discuss anything, please do not hesitate to contact me.

                                              Very truly yours,

                                              Perry Zinn Rowthorn
                                              Deputy Attorney General

PZR/dsc

---

[1] Additionally, the Plaintiffs have subpoenaed both the Governor and Attorney General in their individual candidate capacities. Should these depositions proceed, the Attorney General and the Governor will presumably incur significant personal expense because government counsel is not statutorily authorized to represent the campaign entities of elected officials.

**EXHIBIT B**

**Barbatsuly, George P.**

| | |
|---|---|
| **From:** | Miller, Phil <Phil.Miller@ct.gov> |
| **Sent:** | Wednesday, March 12, 2014 5:40 PM |
| **To:** | Barbatsuly, George P. |
| **Subject:** | Summary of last Friday's Meet and Confer on Healthbridge Subpoenas |

George,

     Good afternoon.  Sorry it has taken me so long to finish this email.  My hearing on Monday took much longer than expected and had some complications that I had to deal with.  Thank you for taking the time last Friday discuss the subpoenas that you have issued on behalf of the Plaintiffs in *Care One Management LLC, et al. v. United Healthcare Workers East, SEUI 1199 et al.*, 2:12cv06371 to the Governor of Connecticut, the Connecticut Attorney General, State Senator John Fonfara and State Representative Russ Morin.  I just wanted to summarize what I think we agreed on during the call and my position with respect to these subpoenas.

     First, as I explained on the call, given the scope of the subpoenas, the number of individuals that may possess responsive documents, including those who have left state service, office resources, both technological and personnel, as well as other reasons, I will not be able to both produce documents and have individuals prepared to be deposed in accordance with the subpoenas.  My clients are trying to comply with your subpoenas in a timely manner.  I am in the process of interviewing custodians and gathering documents now.  Also, rather than file, for lack of a better term, placeholder objections, I would like to save and file our objections after I have produced documents and provided a privilege log of documents that I believe  may be withheld if we are unable to resolve any issues.   I think that some, if not many, of the responsive documents will be privileged under attorney-client, work product or deliberative process privileges, but we can discuss that at the appropriate time.

     With respect to the subpoena to the Attorney General ("AG"), it is the AG's position that it should be treated as a Rule 30(b)(6) deposition.  You are seeking records from the Office of the Attorney General ("OAG"), not merely documents in the possession of the AG.   In fact, I believe it is likely that the vast majority of responsive documents will not be in the position of the AG, and that, for the issues that you raise in your complaint, the AG does not have unique knowledge of any of those events.  Although we are in the process of complying with the document requests, I am reserving the right to move for a protective order to prevent the deposition testimony of the AG himself.  *See Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199 (2d Cir. 2013).

     As for the document requests to the OAG, we agreed to limit the request to begin on the day the present AG took office, which was January 3, 2011.  I understand that you reserve the right to widen that time period should documents indicate a need for that.  After limiting the interrogatories in time, I did not have any objections to the scope of requests 1,2,3,4,5 and 6.  With respect to requests 7,10,11, we agreed that you would propose some language that would limit their scope so that I would not have to produce large numbers of documents that, although responsive, would not be relevant to any of the issues in this case.  Once you send me that language we can have further discussion, but I appreciate your willingness to narrow those three requests. With respect to interrogatories 8 and 9, we agreed that the only Plaintiffs I would have to try to search for would be the Connecticut Health Care Centers and the parent companies, Care One, LLC, Care One

Management, LLC, Healthbridge Management, LLC and Care Realty, LLC. As to request 12, I indicated that I did not believe that the OAG had any documents responsive to that request.

We reached a similar agreement with respect to the Governor's subpoena. In summary, I agreed to look for responsive documents starting on the day the Governor took office, January 3, 2011, again subject to you seeking to enlarge that time later. After limiting the interrogatories in time, I did not have any objections to the scope of request 1,2,3,4,5,6 and 7. You agreed to provide limiting language to 8, 11 and 12. We agreed to limit 9 and 10 to the same Plaintiffs as 8 and 9 in the OAG subpoena. Lastly, I said that I did not believe that the Governor had any documents responsive to request 13 in his official capacity.

Senator Fonfara and Representative Morin's subpoenas are identical and we agreed to the same limitations on both. We agreed to look for responsive documents starting on January 1, 2011, subject to you seeking to enlarge that time later. After limiting the interrogatories in time, I did not have any objections to the scope of request 1,2,3,4,5 and 6. You agreed to provide limiting language to 7, 10 and 11. We agreed to limit 8 and 9 to the same Plaintiffs as 8 and 9 in the OAG subpoena. I also said that I did not believe that either legislator had any documents responsive to request 12 in their official capacities. With respect to the legislators, I did ask you to postpone their deposition testimony until after the legislative session ends on May 7, 2014. They are part time legislators who have other employment. Moreover, this is a short session year, so they and their staff are quite busy. Lastly, I reserved the right to object to the production of documents and possible deposition topics that would invade the speech and debate privilege.

Finally, we did broach the topic of you possibly providing our office with some technology that could make our document retrieval process quicker. I am certainly open to this possibility, though I will have to ensure of course that it does not violate any state law, regulations or polices.

I hope that I have accurately summarized our conversation. Please let me know if you want to add or correct anything. Thanks for working with me on this. Talk to you soon.

Phil

**Philip Miller**

Assistant Attorney General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06106

**Phone:** 860.808.5020
**Fax:**    860.808.5347
**Email: phil.miller@ct.gov**
**URL:**   http://ct.gov/ag/

**CONFIDENTIAL INFORMATION:** The information contained in this e-mail is confidential and protected from general disclosure. If the recipient or the reader of this e-mail is not the intended recipient, or person responsible to receive this e-mail, you are requested to delete this e-mail immediately and do not disseminate or distribute or copy. If you have received this e-mail by mistake, please notify us immediately by replying to the message so that we can take appropriate action immediately and see to it that this mistake is rectified.