

**K&L GATES LLP**
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NJ 07102
T 973.848.4000   F 973.848.4001   klgates.com

April 21, 2014

Rosemary Alito
D 973.848.4022
F 973.848.4001
rosemary.alito@klgates.com

<u>VIA ECF</u>

Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re:   **Care One Management, LLC et al. v. United Healthcare Workers East, SEIU
      1199 et al., Docket No. 2:12-cv-06371-SDW-MCA**

Dear Judge Hammer:

On behalf of Care One Management, LLC, and the other named plaintiffs ("Plaintiffs"), we write to advise the Court of another discovery dispute in this case concerning the refusal of defendants 1199 SEIU United Healthcare Workers East ("UHWE") and New England Health Care Employees Union, District 1199 ("NEHCEU") (collectively "Defendants") to respond to Plaintiffs' First Requests for Admission ("RFAs") (copy attached hereto as Exhibit A). The RFAs seek information regarding when Defendants became aware that Rickey Elliott, a UHWE Vice President who is quoted in the Complaint and Amended Complaint as having made a case-dispositive admission, had been diagnosed with cancer and was dying.  More specifically, the RFAs ask whether Defendants knew of Mr. Elliott's illness when their lawyers asked to stay discovery and when they advised this Court that Plaintiffs would not be prejudiced by a stay.  The RFAs go to the heart of whether Defendants satisfied their basic duty to preserve evidence in this case prior to Mr. Elliott's untimely passing on February 21, 2014.   Accordingly, Plaintiffs respectfully request that the Court direct Defendants to respond in full to these RFAs or, alternatively, grant Plaintiffs leave to file a motion to compel Defendants to respond in full to the RFAs, pursuant to Fed. R. Civ. P. 36(a)(6).

Plaintiffs instituted this action on October 10, 2012.  In their original Complaint, Plaintiffs quoted Mr. Elliott as having candidly admitted to a now-former high ranking UHWE organizer that the UHWE had decided to deemphasize the traditional NLRA-sanctioned election process in favor of coordinated corporate campaign designed to bring Plaintiffs "to their knees" so that the Plaintiffs would have no choice but to recognize the UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One Management, LLC.  (ECF No. 1 ¶¶ 5, 75).  Judge Wigenton referenced Mr. Elliott in her October 10, 2013 opinion on Defendants' motion to dismiss the original complaint. (ECF No. 32 at 3).   Plaintiffs then repeated their allegations regarding Mr. Elliott in their Amended Complaint filed on December 2, 2013.  (ECF No. 37, ¶¶ 6, 36, 120).   Mr. Elliott's statement is a critical party admission on behalf of defendant UHWE and central to Plaintiffs' theory of this case.  The circumstances surrounding Mr. Elliott's admission are areas that Plaintiffs seek to explore through discovery in this case.

Anthony P. La Rocco, Administrative Partner, New Jersey

Honorable Michael A. Hammer, U.S.M.J.
April 21, 2014
Page 2

On February 21, 2014, Defendants' counsel informed Plaintiffs' counsel that Mr. Elliott had just died after an illness.  Before this date, Plaintiffs and their counsel had been completely unaware that Mr. Elliott had been ill.  Apparently, Defendants were aware of Mr. Elliott's illness yet they failed to disclose this fact to Plaintiffs' counsel, despite asking the Court to stay discovery and arguing that a stay would not prejudice Plaintiffs.  (ECF No. 46-1, pp. 13-15; ECF No. 48-1, pp. 13-15).

In an effort to ascertain when Defendants learned that Mr. Elliott had a terminal illness and, therefore, would likely become unavailable as a witness, Plaintiffs served a set of RFAs upon Defendants on March 11, 2014, inquiring as to the timing of Defendants' knowledge of Mr. Elliott's illness in relation to various key dates.  (Exhibit A).  These dates include (i) January 8, 2014 -- the date that Defendants moved for a stay of discovery and argued that Plaintiffs would not be prejudiced by such a stay (ECF No. 48-1, pp. 13-15); (ii) December 13, 2013 -- the date that Defendants filed a proposed motion for a stay and made the same argument (ECF Nos. 46-1, pp. 10-15); (iii) October 10, 2013 -- the date that Judge Wigenton denied in substantial part Defendants' motion to dismiss the original Complaint and referenced Mr. Elliott in her opinion (ECF No. 32 at 3); and (iv) January 29, 2013 -- the date that Mr. Elliott was deposed by Plaintiffs' counsel in connection with the matter, Lightner v. 1621 Route 22 West Operating Company, LLC, Civil Action No. 3:12-cv-04696-MLC-LHG (D.N.J. filed Jul. 16, 2012), in which defendant UHWE appeared as amicus curie, with the understanding that there would be no questioning of Mr. Elliott relating to this RICO suit.

Defendants responded to the RFAs on April 14, 2014, asserting a blanket objection and refusal to respond to any of the RFAs (copies of Defendants' objections are annexed hereto as Exhibit B).  In their objections and cover correspondence (copy annexed hereto as Exhibit C), Defendants argued, among other things, that the RFAs do not seek relevant evidence.  By letter dated April 16, 2014 (copy annexed hereto as Exhibit D), Plaintiffs' counsel explained that the RFAs seek relevant evidence because the timing of Defendants' knowledge that Mr. Elliott was terminally ill and would likely become unavailable as a witness is relevant, inter alia, to whether Defendants satisfied their duty to preserve relevant evidence in this case.  By letter dated April 17, 2014 (copy annexed hereto as Exhibit E), Defendants' counsel claimed that counsel did not become aware of Mr. Elliott's illness until two days before he died, without specifying when Defendants themselves became aware of Mr. Elliott's terminal illness.[1]

---

[1] In their April 17, 2014 letter, Defendants' counsel sought to condition Defendants' willingness even to meet and confer on their blanket refusal to answer the RFAs on Plaintiffs' willingness to cure wholly unrelated purported "deficiencies" in Plaintiffs' response to Defendants' interrogatories and requests for the production of documents.  (Exhibit E).  Not only do the purported "deficiencies" that Defendants claim to exist have absolutely nothing to do with Plaintiffs' RFAs, Defendants themselves have yet to respond to Plaintiffs' March 28, 2014 letter identifying numerous deficiencies with Defendants' own written discovery responses (including defendants' blanket refusal to provide relevant and responsive information under the guise of non-existent "union organizing" and "collective bargaining" privileges).  Contrary to Defendants' position, their willingness to respond to these RFAs is not an issue that needs to be tied to any of the other discovery disputes the parties have in this case.  It is a narrow issue on which the parties apparently have diametrically opposed views and is ripe for resolution by the Court.

Honorable Michael A. Hammer, U.S.M.J.
April 21, 2014
Page 3


Contrary to Defendants position, the RFAs seek plainly relevant evidence in this case.  "The duty to preserve potentially relevant evidence is an affirmative obligation that a party may not shirk."  *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 339 (D.N.J. 2004).  This duty derives from, among other sources, a litigant's general duty to preserve evidence that it knows, or reasonably should know, will likely be requested in litigation.  *See Gatto v. United Air Lines, Inc.,* 2013 WL 1285285, *3 (D.N.J. March 25, 2013); *Mosaid*, 348 F.Supp.2d at 335.  Here, the RFAs seek evidence that is directly relevant to whether Defendants satisfied their basic duty to preserve evidence once they learned that a critical witness who is quoted in the Complaint as having made a case-dispositive admission was dying.  Particularly in light of Defendants' affirmative representations to the Court that the stay of discovery they were then seeking would not prejudice Plaintiffs (ECF No. 46-1, pp. 13-15; ECF No. 48-1, pp. 13-15), an their serial efforts to delay depositions, it is particularly important that Defendants reveal when they actually became aware of Mr. Elliott's terminal illness and likely unavailability.

Defendants also object to the RFAs on the grounds that the definition of the term "You" in the RFAs is supposedly "ambiguous."  Contrary to Defendants' assertion, the term "You" is unambiguously defined in the RFAs to mean both Defendants, their "officers, directors, employees, agents, attorneys and representatives, and any persons acting, purportedly acting, on their behalf, including any intermediary such as any consultant, independent contractor, or other third party representative."  This definition is calculated to ascertaining when any person whose knowledge can be imputed to either of the organization Defendants became aware of Mr. Elliott's terminal illness and likely unavailability as a witness.  Defendants' efforts to avoid responding to the RFAs on the grounds that the term "You" is allegedly "ambiguous" is a transparent attempt at evasion.

Based on the foregoing, Plaintiffs respectfully request that Your Honor direct Defendants to respond in full to these RFAs or, alternatively, grant Plaintiffs leave to file a motion to compel Defendants to respond in full to the RFAs, pursuant to Fed. R. Civ. P. 36(a)(6).  We are available to discuss this issue with Your Honor during the status conference scheduled for tomorrow, or on such other date and time as may be convenient for the Court.

We thank the Court for its continued courtesies and attention to this matter.


Respectfully submitted,


/s/ Rosemary Alito


Rosemary Alito
cc:      All Counsel of Record (via ECF)

# Exhibit A

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Fax:  (973) 848-4001
Attorneys for Plaintiffs, Care One Management, LLC, <u>et al</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Care One Management, LLC, , et al,<br><br>Plaintiff,<br><br>v.<br><br>1199 SEIU United Healthcare Workers East, and New England Health Care Employees Union, District 1199,<br><br>Defendants. | Civil Action No: 2:12-cv-06371<br><br>Honorable Michael A. Hammer, U.S.M.J.<br><br>**PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS** |

TO:    Robert M. Weinberg, Esq.
         Bredhoff & Kaiser, PLLC
         805 Fifteenth Street, N.W.
         Washington, D.C. 20005

**COUNSEL:**

     **PLEASE TAKE NOTICE** that pursuant to Rule 36 of the Federal Rules of Civil

Procedure, Plaintiffs Care One, LLC, <u>et al</u>, hereby propound the following requests for

admissions to Defendants United Healthcare Workers East, SEIU 1199 and New England Health

Care Employees Union, District 1199, to be admitted or denied no later than the time provided in

Rule 36 of the Federal Rules of Civil Procedure.

**K&L GATES LLP**
Attorneys for Plaintiffs

Care One Management, LLC, <u>et al</u>

By:     /s/Rosemary Alito
         Rosemary Alito
         A Member of the Firm

Dated:  March 11, 2014

## DEFINITIONS

1.      "This litigation" means this action, including all matters raised in the Complaint by which this action was initiated on October 10, 2012 and the Amended Complaint filed December 3, 2013 ("Amended Complaint") and/or in any responsive pleading.

2.      "Plaintiffs" means the entities named as plaintiffs in the Amended Complaint, and all persons who have acted or purported to act on their behalf.

3.      "You," "your,"  or "Defendants" means Defendants United Healthcare Workers East, SEIU 1199 ("UHWE") and/or New England Health Care Employees Union, District 1199, their officers, directors, employees, agents, attorneys and representatives, and any persons acting, or purportedly acting, on their behalf, including any intermediary such as any consultant, independent contractor, or other third party representative.

4.      Elliott means Rickey Elliott, former UHWE Vice President who, upon information and belief, passed away on or about February 21, 2014.

5.      "UHWE" means Defendant United Healthcare Workers East, SEIU 1199, its officers, directors, employees, agents, attorneys and representatives, and any persons acting, or purportedly acting, on its behalf, including any intermediary such as any consultant, independent contractor or other third party representative.

6.      "Person" or "Persons" means natural persons, firms, partnerships and partners therein, proprietorships, associations, partnerships, corporations, public bodies, government agencies, and every other type of public or private organization or entity.

7.      "And" as well as "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

8.      The use of the singular shall include the plural and the use of the plural shall include the singular.

9.      Terms in the plural include the singular and terms in the singular include the plural. "Person" means an individual, partnership, individual general and limited partners of a partnership, company, corporation, professional corporation, trust or other entity

## REQUEST FOR ADMISSIONS

**Request No. 1**:  Admit that you had knowledge that Elliott had been diagnosed with cancer prior to February 21, 2014.

**Response**:

**Request No. 2:**  Admit that you had knowledge that Elliott was terminally ill prior to February 21, 2014.

**Response:**

**Request No. 3**:  Admit that you had knowledge that Elliott had been diagnosed with cancer as of January 8, 2014.

**Response:**

**Request No. 4**:  Admit that you had knowledge that Elliott was terminally ill as of January 8, 2014.

**Response:**

**Request No. 5**:  Admit that you had knowledge that Elliott had been diagnosed with cancer as of December 13, 2013.

**Response:**

**Request No. 6**:   Admit that you had knowledge that Elliott was terminally ill as of December 13, 2013.

**Response**:

**Request No. 7:**  Admit that you had knowledge that Elliott had been diagnosed with cancer as of October 10, 2013.

**Response:**

**Request No. 8**:   Admit that you had knowledge that Elliott was terminally ill as of

October 10, 2013.

**Response**:

**Request No. 9**:  Admit that you had knowledge that Elliott had been diagnosed with cancer as of January 29, 2013.

**Response**:

**Request No. 10**:  Admit that you had knowledge that Elliott was terminally ill as of January 29, 2013.

**Response**:

**Request No. 11**:   Admit that Elliott took a medical leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response**:

**Request No. 12:**   Admit that Elliott took a medical leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response:**

**Request No. 13:**  Admit that Elliott took a short-term disability leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response:**

**Request No. 14**:  Admit that Elliott took a short-term disability leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response**:

**Request No. 15**:  Admit that Elliott took a long-term disability leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response**:

**Request No. 16**:  Admit that Elliott took a long-term disability leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response**:

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Care One Management, LLC et al., <br><br> Plaintiffs, <br><br> -v- <br><br> United Healthcare Workers East, SEIU 1199 and New England Healthcare Employees Union, District 1199, <br><br> Defendants. | Civil Action No. 2:12-cv-06371-SDW-MAH |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants United Healthcare Workers East, SEIU 1199 ("UHWE") and New England Healthcare Employees Union, District 1199 ("NEHCEU") (collectively, "Defendants") submit the following objections to Plaintiffs' First Requests for Admissions ("Requests").

## GENERAL OBJECTIONS

1. Defendants object to the issuance of Requests for Admission at this stage in the discovery process, as Requests for Admission were not authorized by the January 9, 2014 Scheduling Order, and therefore are not within the scope of the "limited" discovery approved by Judge Wigenton in her February 6, 2014, Order dismissing as moot the Defendants' Motion to Stay Discovery.

2. Defendants further object to the definition of the terms "you" and "your" as overly broad. Plaintiffs define "you" and "your" to mean "Defendants United Healthcare Workers East, SEIU 1199 ("UHWE") and/or New England Health Care Employees Union, District 1199,

their officers, directors, employees, agents, attorneys and representatives, and any persons acting, or purportedly acting, on their behalf, including any intermediary such as any consultant, independent contractor, or other third party representative."

As written, this definition includes Rickey Elliott, the former employee of UHWE whose health is the subject of the Requests, as well as individuals that may have had personal relationships with Mr. Elliott. The institutional Defendants cannot be expected to know what these individuals knew about Mr. Elliott's health in their personal capacities but did not share with their employer. Indeed, various laws limit an employer's ability to make inquiries into the medical condition(s) of its employees. As such, Defendants could only respond based upon what they knew in an institutional capacity.

The Defendants further object to this definition as vague and overly broad to the extent that it fails to distinguish between the two Defendants. As each Request seeks one admission or denial as to what is, in actuality, two questions (namely: (1) the knowledge of Defendant UHWE and (2) the knowledge of Defendant NEHCEU), the Requests cannot be answered as they are currently phrased.

## RESPONSES TO REQUEST FOR ADMISSIONS

**Request No. 1:**     Admit that you had knowledge that Elliott had been diagnosed with cancer prior to February 21, 2014.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 2:**     Admit that you had knowledge that Elliott was terminally ill prior to February 21, 2014.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that this Request is vague insofar as it fails to define what is considered a "terminal" illness and the term is subject to varying interpretation. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 3:**      Admit that you had knowledge that Elliott had been diagnosed with cancer as of January 8, 2014.

**Response:**      The General Objections set forth above are expressly incorporated herein.

Defendants further object that the information sought in this Request is not relevant to the claims

and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of

admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation,

and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 4:**     Admit that you had knowledge that Elliott was terminally ill as of January 8, 2014.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that this Request is vague insofar as it fails to define what is considered a "terminal" illness and the term is subject to varying interpretation.  Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 5:**      Admit that you had knowledge that Elliott had been diagnosed with cancer as of December 13, 2013.

**Response:**      The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 6:**          Admit that you had knowledge that Elliott was terminally ill as of December 13, 2013.

**Response:**          The General Objections set forth above are expressly incorporated herein. Defendants further object that this Request is vague insofar as it fails to define what is considered a "terminal" illness and the term is subject to varying interpretation. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 7:**      Admit that you had knowledge that Elliott had been diagnosed with cancer as of October 10, 2013.

**Response:**      The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 8:**          Admit that you had knowledge that Elliott was terminally ill as of October 10, 2013.

**Response:**          The General Objections set forth above are expressly incorporated herein. Defendants further object that this Request is vague insofar as it fails to define what is considered a "terminal" illness and the term is subject to varying interpretation.  Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 9:**          Admit that you had knowledge that Elliott had been diagnosed with cancer as of January 29, 2013.

**Response:**          The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 10:**     Admit that you had knowledge that Elliott was terminally ill as of January 29, 2013.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that this Request is vague insofar as it fails to define what is considered a "terminal" illness and the term is subject to varying interpretation.  Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 11:**     Admit that Elliott took a medical leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott are not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 12:**      Admit that Elliott took a medical leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response:**      The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott are not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 13:**     Admit that Elliott took a short-term disability leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott are not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 14:**      Admit that Elliott took a short-term disability leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response:**      The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 15:**     Admit that Elliott took a long-term disability leave of absence from his employment with UHWE in 2013 as a result of his cancer diagnosis.

**Response:**     The General Objections set forth above are expressly incorporated herein. Defendants further object that the information sought in this Request is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott is not at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely to harass the Defendants.

**Request No. 16:**          Admit that Elliott took a long-term disability leave of absence from his employment with UHWE in 2014 as a result of his cancer diagnosis.

**Response:**          The General Objections set forth above are expressly incorporated herein.

Defendants further object that the information sought in this Request is not relevant to the claims

and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of

admissible evidence, as the medical condition(s) and/or employment status of Mr. Elliott are not

at issue in this litigation, and, as a result, this Request is overly intrusive and interposed merely

to harass the Defendants.

Respectfully submitted,

*/s/ Kathleen Keller*
Robert M. Weinberg*
Leon Dayan*
Kathleen Keller*
Jacob Karabell*
Caitlin Kekacs*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207
Telephone: (202) 842-2600
Fax: (202) 842-1888

R. Scott Thompson
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Defendants*

Richard A. Levy*
David M. Slutsky
Susan J. Cameron
LEVY RATNER, P.C.
80 8th Avenue, 8th Floor
New York, NY 10011
Telephone: (212) 627-8100
Fax: (212) 627-8182

*Counsel for Defendant 1199SEIU United
Healthcare Workers East*

*Admitted pro hac vice

Dated: April 14, 2014

# Exhibit C

**BREDHOFF & KAISER, P.L.L.C.**
*Attorneys & Counselors*
**805 Fifteenth Street, N.W.**
**Washington, D.C.  20005-2207**
**(202) 842-2600**
**Facsimile:  (202) 842-1888**
**http://www.bredhoff.com**

Julia Penny Clark
Jeffrey R. Freund
W. Gary Kohlman
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Devki K. Virk
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Joshua B. Shiffrin
Ramya Ravindran

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

Daniel A. Zibel
Raphael Rajendra
Jacob Karabell
Tanaz Moghadam
Thomas W. Perez-Lopez
Zachary Ista
Caitlin Kekacs
—————
Laurence Gold
Patricia Polach
Susan G. Lahne
Kathleen Keller
Jenifer A. Cromwell
Philip C. Andonian
Tearyn J. Loving
Of Counsel
—————
Robert M. Weinberg
Senior Counsel

April 14, 2014

<u>Via Email</u>

Rosemary Alito, Esq.
K&L Gates LLP
One Newark Center – Tenth Floor
Newark, NJ 07102
rosemary.alito@klgates.com

> Re:  *Care One Mgmt., LLC v. United Healthcare Workers East*, No.
> 2:12-cv-06371

Dear Ms. Alito:

Enclosed are the Defendants' Objections to the Plaintiffs' First Requests for Admissions.  As you are aware, these Requests all concern the timing of the Defendants' knowledge regarding aspects of the illness of Rickey Elliott.  The enclosed Objections object to each of the Requests on a number of grounds, including that they cannot be answered as written because they are vague and/or overbroad in their definition of the word "You"; and that the information sought is not relevant to the claims and defenses at issue in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

As to the latter of these, it is plain that the health of Mr. Elliott has no bearing on any of the Plaintiffs' claims against the Defendants.  The apparent basis for this discovery is to support some argument by the Plaintiffs that Defendants had an affirmative duty to disclose what they knew about the

Page 2
April 14, 2014

health condition of Mr. Elliott to Plaintiffs once the Plaintiffs chose to sue his
employer, United Healthcare Workers East.

We have researched this issue and have uncovered no authority that
supports the proposition that a litigant must disclose health information about
its employees to its litigation adversaries. Indeed, the Federal Rules of Civil
Procedure state with specificity (i) what types of information a litigant must
affirmatively disclose to an adversary; and (ii) when, as to the enumerated
areas of information for which affirmative disclosure is required, the disclosure
must be made. Litigants are not required to disclose any facts whatsoever to
their adversaries prior to the deadline for making initial disclosures under Rule
26(a)(1), and once the limited disclosure obligation is triggered, information
about the health status of litigants' employees or other potential witnesses is
not among the enumerated types of information that must be disclosed. Your
position necessarily rests on the premise that there are implied disclosure
duties above and beyond these express duties, but both the wording and
structure of the Federal Rules foreclose your position.

If you have some authority establishing that, contrary to our research, the
Defendants did have some affirmative obligation to disclose Mr. Elliott's health
condition to Plaintiffs prior to his passing, we invite you to share that authority
with us.

Respectfully,

Kathleen Keller

CC via Email: All Counsel of Record

# Exhibit D



K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NJ 07102
T 973.848.4000  F 973.848.4001  klgates.com

April 16, 2014

Rosemary Alito
D  973.848.4022
F  973.848.4001
rosemary.alito@klgates.com

**VIA ELECTRONIC MAIL ONLY**

Kathleen Keller
**BREDHOFF & KAISER, P.L.L.C**
805 Fifteenth Street, N.W.
Washington, D.C. 20005-2207

Re:    **Care One Management, LLC et al. v. United Healthcare Workers East, SEIU 1199 et al., Docket No. 2:12-cv-06371-SDW-MCA**

Dear Ms. Keller:

We write in response to your letter of April 14, 2014, along with Defendants' Objections to Plaintiffs' First Requests for Admissions. As you note in your letter, Plaintiffs' Requests for Admissions concern the timing of Defendants' knowledge of aspects of the illness of Rickey Elliott. Defendants object and refuse to respond to any of these requests. You contend, among other things, that the information sought in these Requests is not relevant to any of the issues in this litigation. Defendants' position and blanket refusal to respond are baseless.

As you know, Mr. Elliott was quoted in the Complaint and Amended Complaint as candidly admitting to a now-former high ranking UHWE organizer that UHWE had decided to deemphasize the traditional NLRA-sanctioned election process in favor of coordinated corporate campaign designed to bring Plaintiffs "to their knees" so that the Plaintiffs would have no choice but to recognize the UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One Management, LLC. Mr. Elliott's statement is a critical party admission on behalf of defendant UHWE in this case and central to Plaintiffs' theory of this case. The circumstances surrounding Mr. Elliott's admission are obviously areas that Plaintiffs are entitled to explore through discovery in this case. Mr. Elliott's untimely passing has permanently deprived Plaintiffs of the opportunity to obtain any discovery from Mr. Elliott in this case.

You argue that you have found no authority for the proposition that "a litigant must disclose health information about its employees to its litigation adversaries." To the contrary, defendants had an affirmative duty to timely disclose to Plaintiffs' counsel the prospect of Mr. Elliott's unavailability as a witness in this case as soon as defendants were reasonably aware of that prospect. This duty derives from, among other sources, a litigant's general duty to preserve evidence that it knows, or reasonably should know, will likely be requested in litigation. Defendants' counsel also had a duty of candor that prohibited counsel from

# K&L|GATES

Kathleen Keller
April 16, 2014
Page 2

"fail[ing] to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal" or from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." N.J. Rule Prof. Conduct 3.3(a)(5), 8.4(c). Here, just by way of example, Defendants' counsel affirmatively represented to the Court, in Defendants' proposed motion for a stay of discovery filed on December 13, 2013, and in their actual motion for a stay filed on January 8, 2014, that the requested stay of discovery would not prejudice Plaintiffs. (Doc. No. 46-1, pp. 13-15; Doc. No. 48-1, pp. 13-15). Previously, in anticipation of Mr. Elliott's January 29, 2013 deposition in connection with the matter, <u>Lightner v. 1621 Route 22 West Operating Company, LLC</u>, Civil Action No. 3:12-cv-04696-MLC-LHG (D.N.J. filed Jul. 16, 2012), your firm entered an appearance in that matter on behalf of UHWE, an amicus in that proceeding, and specifically opposed any questioning of Mr. Elliott relating to any of the matters at issue in the instant lawsuit which had been filed on October 10, 2012. Thus, when Defendants and their counsel became aware of Mr. Elliott's terminal illness in relation to these critical dates bears directly on whether Defendants have complied with their duty to preserve evidence and whether Defendants' counsel has satisfied its duty of candor to the Court.

In light of the foregoing, please advise, by the close of business tomorrow, whether you will be responding fully and completely to Plaintiffs' First Requests for Admissions, and if so, please provide us with your responses by Friday, April 18. If you do not agree to respond fully and completely to Plaintiffs' First Requests for Admissions, we will raise the issue with Magistrate Judge Hammer and ask him to address it during the April 22, 2014 conference.

Very truly yours,

/s/ Rosemary Alito

Rosemary Alito

# Exhibit E

**BREDHOFF & KAISER, P.L.L.C.**
*Attorneys & Counselors*
**805 Fifteenth Street, N.W.**
**Washington, D.C.  20005-2207**
**(202) 842-2600**
**Facsimile:  (202) 842-1888**
**http://www.bredhoff.com**

Julia Penny Clark
Jeffrey R. Freund
W. Gary Kohlman
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Devki K. Virk
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Joshua B. Shiffrin
Ramya Ravindran

Daniel A. Zibel
Raphael Rajendra
Jacob Karabell
Tanaz Moghadam
Thomas W. Perez-Lopez
Zachary Ista
..........
Laurence Gold
Patricia Polach
Susan G. Lahne
Kathleen Keller
Jenifer A. Cromwell
Philip C. Andonian
Tearyn J. Loving
Of Counsel
..........
Robert M. Weinberg
Senior Counsel

Elliot Bredhoff
(1921 - 2004)
Henry Kaiser
(1911 - 1989)

April 17, 2014

**Via Email**
Rosemary Alito, Esq.
K&L Gates LLP
rosemary.alito@klgates.com

Re:    **Defendants' Objections to Plaintiffs' Requests for Admissions**
        Care One Management, LLC v. United Healthcare Workers East, SEIU 1199
        *(Civil Action No. 2:12-cv-06371)*

Dear Rosemary:

I am writing in response to your letter of April 16, 2014, responding to Defendants' objections to Plaintiffs' Requests for Admissions.

It is apparent from your letter that you have presumed from the circumstances of Rickey Elliott's death that my law firm and I have acted unethically, as the only authorities that you cite for the proposition that there was a duty to disclose Rickey Elliott's health status are rules of professional ethics. I am disappointed that a firm of your stature would litigate in that manner. While it is clear that Plaintiffs have no right to the information they are seeking in their requests for admission, I am hopeful that by making the following representation as a fellow professional and an officer of the court, we can resolve this dispute and elevate the level of civility in connection with future disputes in this litigation without resort to insinuations about the ethics of one another.

The first time that I or anyone on the defense counsel team learned that Rickey Elliott had terminal cancer was on February 18, two days before he died.

I trust that this will moot the dispute over the RFAs, but if you wish to continue using the discovery process to try and develop an ethics case against defense counsel, we

Rosemary Alito, Esq.
April 17, 2014
Page 2

do need to have the required meet and confer before proceeding to the Magistrate Judge because Defendants made objections to Plaintiffs' RFAs above and beyond the objection that the RFAs are entirely irrelevant, including that they are ambiguous and unclear.[1] At the same time, there is no reason for the meet and confer you have requested to leapfrog ahead of the earlier request that Defendants made to meet and confer over the deficiencies that we identified in Plaintiffs' responses to Defendants' interrogatories and document requests -- deficiencies that go the heart of the merits of the underlying lawsuit and not to collateral matters. Defendants sent Plaintiffs a letter on March 24, more than three weeks ago, asking for dates and times to confer over those deficiencies. We have received no response.

That said, if you are willing to add to the meet and confer that you are proposing over the RFAs a discussion of just two of the multiple deficiencies we identified in our March 24 letter, Defendants are prepared hold the meet and confer in time for the Magistrate Judge to be informed of the parties' respective positions on the outstanding disputes. The two issues that need to be added to any conference over the RFAs if such a conference is to go forward are: (1) Plaintiffs' facially deficient answer to Interrogatory No. 1, which asks Plaintiffs to describe in detail any demand or request by Defendants relating to a "neutrality" or other organizing-ground-rules agreement; and (2) Plaintiffs' response to Interrogatory No. 4, in which Plaintiffs, without withdrawing the allegation that they lost customers or prospective customers because of acts attributable to Defendants, do not describe any instances to support that allegation. The other deficiencies in our March 24 letter are not waived, of course, but can be dealt with in a meet and confer to be held after the April 22 conference—perhaps on Monday, April 28. We would be happy to discuss the alleged deficiencies that Plaintiffs asserted as to Defendants' responses as well at that time.

Sincerely,

Leon Dayan

CC via Email: All Counsel of Record

---

[1] You claim in your letter that "your firm [Bredhoff & Kaiser] entered an appearance in [the *Lightner*] matter on behalf of UHWE, an amicus in that proceeding, and specifically opposed any questioning of Mr. Elliott relating to any of the matters at issue in the instant lawsuit which had been filed on October 10, 2012." I believe you are mistaken. No attorney from Bredhoff & Kaiser objected either during or in advance of the deposition to any questioning of Mr. Elliott, nor did any one from the firm tell you in advance of the deposition that any particular line of questioning would be objected to. If you have any support for what appears to be a mistaken assertion on your part, please provide it.