# **<u>EXHIBIT B</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al., | |
| Plaintiffs, | Civil Action No: 2:12-cv-06371 |
| v. | Honorable Susan D. Wigenton, U.S.D.J. |
| 1199 SEIU United Healthcare Workers East, and the New England Health Care Employees Union, District 1199, | Honorable Madeline Cox Arleo, U.S.M.J. |
| Defendants. | |

**FIRST SUPPLEMENT TO INITIAL RULE 26(a) DISCLOSURES**
**OF PLAINTIFFS CARE ONE MANAGEMENT, LLC,  ET AL.**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, all of the Plaintiffs to the above-captioned case (hereinafter collectively referred to as "Plaintiffs") supplement part (a) to their disclosures to defendants 1199 SEIU United Healthcare Workers East ("UHWE"), and New England Health Care Employees Union, District 1199 ("NEHCEU") (collectively "Unions" or "Defendants") as follows.

**PRELIMINARY STATEMENT**

Plaintiffs have not yet completed their investigation of the facts pertaining to this lawsuit, review of their own documents, discovery, or preparation for trial.  Plaintiffs reserve the right to rely on any facts, documents, or other evidence that may develop or come to their attention at a later time.  Plaintiffs also reserve the right to supplement or amend these Initial Disclosures.

**(A)     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

Plaintiffs supplement their list of the following individuals who may have knowledge of facts and circumstances relating to Plaintiffs' claims in this lawsuit:

1.      Certain current and former officers, employees, and agents of Plaintiffs, including certain vendors; individuals and entities providing services to plaintiffs, have knowledge of Defendants' longstanding pattern of extortionate and fraudulent behavior designed to destroy Plaintiffs' businesses. These individuals, and the substance of their knowledge, include:

a.      Daniel Straus.  He is a direct or indirect owner of all of the Plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' unfounded attacks on Mr. Straus's business and personal ventures unrelated to Plaintiffs, including the Straus Institute for Social Justice; Defendants' efforts to have Mr. Straus removed from the NYU Law Board of Trustees; Defendants' interference with business interests of Straus unrelated to Plaintiffs.

b.      A. Alberto Lugo, Executive Vice President & General Counsel, Care One Management, LLC and other plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements regarding Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; Defendants' extortionate bargaining demands; statements by David Pickus during a meeting on August 4, 201_, that HealthBridge needed to sign its "pattern" collective bargaining agreement that NEHCEU was insisting upon, or else it would have to leave the State of Connecticut; and statements by Confidential Witness A recounting an admission by Rickey Elliott that UHWE has decided to deemphasize the traditional NLRA-sanctioned legal framework for organizing employees into unions in favor of a coordinated corporate campaign directed against Plaintiffs

designed to bring the Plaintiffs "to their knees" so that the Plaintiffs would have no choice but to recognize Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One; the fact that Defendants arranged to have protestors march across the George Washington Bridge to get to Plaintiffs' headquarters on August 23, 2012; the fact that on that date, approximately 16 members of Defendants then gained unauthorized access to the building and attempted to confront Daniel Straus and other senior Care One Management and HealthBridge officials, and the police had to be called; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

   c. Thomas McKinney, Senior Vice President, Human Resources, Care One Management, LLC, and other plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' bargaining demands; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

   d. Victor Matthew Marcos, Chief Financial Officer, Care One Management, LLC, and other plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; financial difficulties facing a number of the Plaintiffs as the result of Defendants' actions; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

    e.  Tim Hodges, Care One Management, LLC, and other plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; the fact that Defendants arranged to have protestors march across the George Washington Bridge to get to Plaintiffs' headquarters on August 23, 2012; the fact that on that date, approximately 16 members of Defendants then gained unauthorized access to the building and attempted to confront Daniel Straus and other senior Care One and HealthBridge Management officials, and the police had to be called; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct**.**

    f.  Edward Remillard, Regional Human Resources Manager, HealthBridge Management, LLC.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' extortionate bargaining demands; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; the fact that Plaintiffs reported each of these incidents to the state and local authorities, including the Connecticut Department of Public Health and the Connecticut Attorney General's office; the fact that the Attorney General refused to offer meaningful assistance and directed Plaintiffs to file separate police reports with local law enforcement authorities; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

g.      Lisa Crutchfield, Senior Vice President of Labor Relations, HealthBridge Management, LLC.  She is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; the fact that Plaintiffs reported each of these incidents to the state and local authorities, including the Connecticut Department of Public Health and the Connecticut Attorney General's office; the fact that the Attorney General refused to offer meaningful assistance and directed Plaintiffs to file separate police reports with local law enforcement authorities; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

h.      Larry Condon, Regional Director of Operations, HealthBridge Management, LLC.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; the fact that Plaintiffs reported

each of these incidents to the state and local authorities, including the Connecticut Department of Public Health and the Connecticut Attorney General's office; the fact that the Attorney General refused to offer meaningful assistance and directed Plaintiffs to file separate police reports with local law enforcement authorities; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

i.     Sharon Donaghue.  She is the Vice President for Operations for HealthBridge Management, LLC.  She is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; the fact that Plaintiffs reported each of these incidents to the state and local authorities, including the Connecticut Department of Public Health and the Connecticut Attorney General's office; the fact that the Attorney General refused to offer meaningful assistance and directed Plaintiffs to file separate police reports with local law enforcement authorities; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

j.     Lizbeth Carmichael.  She was the Administrator of the Newington Health Care Center.  She is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal

processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; and the substance of the police report applicable to the Newington Health Center annexed to the Amended Complaint as Exhibit E.

k. Dennis Huntley. He was the Director of Physical Plant of Long Ridge of Stamford in July 2012. He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; and the substance of the police report applicable to Long Ridge of Stamford annexed to the Amended Complaint as Exhibit E.

l. John Kelley. He was the Administrator of the Danbury Health Care Center in July 2012. He is expected to have knowledge or information regarding the factual bases for Plaintiffs' allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that on July 3, 2012, NEHCEU members employed by the Connecticut facilities managed by Plaintiff HealthBridge went on strike; the fact that, in connection with the strike, NEHCEU members committed numerous criminal acts that

jeopardized the lives and safety of the elderly and frail patients of these facilities, described more fully in the Amended Complaint; and the substance of the police report applicable to the Danbury Health Care Center annexed to the Amended Complaint as Exhibit E.

m.     Rosemarie Valentine, Karen Ashmore.  They were employed at Care One at Hamilton, LLC in August 2012.  They are expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; the fact that, on August 10, 2012, a billboard truck parked outside of the Hamilton facility obstructed traffic, interfered with parking at the facility, and forced some visitors to park in the fire zone; the fact that the police were called after the driver refused to move when asked to do so by Ms. Valentine; the fact that, upon the arrival of the police, the driver confirmed that he was a non-union driver employed by "Gorilla Trucking Company" located in southern New Jersey; and the fact that the driver stated that drivers employed by his company had been ordered to stay in front of specific Care One sites for one hour and then move on to the next site, and he had one more Care One site to visit that day.

n.     Various security personnel employed by Plaintiffs, including, but not limited to Detrick J. Foster, Aron Security.  They are expected to have knowledge or information regarding the acts of vandalism and attempted vandalism engaged in by NEHCEU members during the course of strikes by NEHCEU commencing in July 2012, including one instance witnessed by Mr. Forster on July 13, 2012, in which a striking housekeeper at Long Ridge of Stamford forcefully and deliberately kicked and damaged a sprinkler head.

o.     Jonathan Kaplan, Littler Mendelson P.C.  Mr. Kaplan is Chief Negotiator for five of the plaintiffs in collective bargaining negotiations with NEHCEU in Connecticut.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs'

allegations in the Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; NEHCEU's abusive and extortionate negotiating tactics; extortionate threats made by representatives of the NEHCEU; and abusive and extortionate tactics employed by UHWE in an effort to secure Plaintiffs' recognition of Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One, without regard to the wishes of their employees.

        p.     J. William Gady, Clifton Larson Allen.  He is a member of the firm that serves as outside auditor and provides other services for certain of the Plaintiffs.  He is expected to have knowledge or information regarding the Applications for Need filed by three HealthBridge-managed facilities located in Brookline, Concord and Lexington, Massachusetts, with the Massachusetts Department of Public Health ("DPH"), to enable these facilities to complete necessary upgrades and renovations to provide better care for the patients in these facilities; the "Ten Taxpayer" petitions filed by the UHWE to object to these Applications for Need; the absence of any merit to the "Ten Taxpayer" petitions; the UHWE's admission that it has no substantive objections to the Applications for Need; the substantial and unnecessary costs, delays, and other burdens that the baseless "Ten Taxpayer" petitions caused to Plaintiffs; and the admission by Elisabeth L. Daley, UHWE's Senior Research Analyst, in September 2012, that the UHWE filed the "Ten Taxpayer" petitions in response to HealthBridge's collective bargaining disputes with the NEHCEU, and that the UHWE would consider withdrawing its objections and request for a hearing if Plaintiffs would agree to the NEHCEU's contract demands – including the demand that Plaintiffs help pay down the NEHCEU's underfunded pension liabilities as part

of its pattern contract – and if Plaintiffs would agree to remain "neutral" in response to efforts by the Defendants to organize non-unionized facilities owned, operated, or managed by Plaintiffs.

q.      Matthew Claeys, Clifton Larson Allen.  He is another member of the firm that serves as outside auditor and provides other services for certain of the Plaintiffs.  He is expected to have knowledge or information regarding the substance of certain of Plaintiffs' financial statements; the confidentiality of those financial statements; and efforts by and on behalf of Defendants to circumvent the confidentiality of those financial statements.

r.      Kevin Breslin, former Chief Financial Officer, HealthBridge Management, LLC, and other plaintiffs.  He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Amended Complaint; the application to the State of Connecticut for a certificate of need to close the Wethersfield HealthCare Centers; and the unexplained delay by the State of Connecticut in processing this application.

All contact with the individuals listed above should be through undersigned counsel at K&L Gates LLP, One Newark Center, 10th Floor, Newark, New Jersey  07102.

2.      Certain current and former officers, employees, and agents of Defendant 1199 SEIU United Healthcare Workers East ("UHWE") are expected to have knowledge or information regarding the factual bases for Plaintiffs' allegations in the Amended Complaint; Defendants' defenses to same; Defendants' false and misleading statements directed against Plaintiffs; the absence of factual support for Defendants' statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the absence of any legitimate purpose for Defendants' abuses of legal processes and unnecessary regulatory actions; abusive and extortionate tactics employed by UHWE in an effort to secure Plaintiffs' recognition of Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities

managed or operated by Plaintiffs, without regard to the wishes of their employees; efforts to secure improper influence over Connecticut elected officials; campaign contributions made by or on behalf of Defendants and/or the SEIU to the election campaigns of Connecticut elected officials; oversight that UHWE exercises over its members, employees, and other agents; control and oversight that the SEIU exercises over the UHWE, the NEHCEU, and other locals; actions by the NEHCEU in furtherance of the corporate campaign against Plaintiffs; corporate campaigns by or on behalf of the UHWE, the NEHCEU, the SEIU, or other locals of the SEIU, against employers other than Plaintiffs; coordination between and among the UHWE, the NEHCEU, and the SEIU; the underfunding of the UHWE Pension Plan and the NEHCEU Pension Plan; the RICO enterprises named in the Amended Complaint; each Defendant's participation in the affairs of the RICO enterprises named in the Amended Complaint; the conspiracies described in the Amended Complaint; the objects of these conspiracies; the mandate of Defendants and the SEIU to deemphasize ordinary labor relations practices in favor of extortion and other criminal and fraudulent tactics as a means of enhancing their market share in the long term care industry in order to alleviate funding and liquidity problems faced by its sponsored pension plan; and their actions directed against Plaintiffs as a part of this mandate. Such individuals include but are not limited to:

     a.    George Gresham.  He is the current UHWE President.  In addition to the topics described in the introductory paragraph above, he signs all official documents on behalf of UHWE in his capacity as UHWE President and, upon information and belief, approves all UHWE disbursements and directs organizing and collective bargaining strategies of the UHWE in coordination with the SEIU.

       b.     Ricky Elliott, UHWE Vice President at Large, Health System 7.  Upon information and belief, Mr. Elliott died on or about February 21, 2014.   In addition to the topics described in the introductory paragraph above, prior to his death, he was believed to have knowledge or information relating to the UHWE's goal of bringing the Plaintiffs "to their knees" through its relentless illegal and extortionate corporate campaign so that the Plaintiffs would have no choice but to recognize Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One, without regard to the wishes of their employees.

       c.     Elisabeth L. Daley, UHWE Senior Research Analyst.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information regarding Defendants' abuses of legal processes and unnecessary regulatory actions, including the "Ten Taxpayer" petitions in Massachusetts; the absence of legitimate purpose for Defendants' abuses of legal processes and unnecessary regulatory actions; the UHWE's lack of any substantive opposition to the Applications for Need underlying the "Ten Taxpayer" petitions; and the UHWE's willingness to consider withdrawing its baseless "Ten Taxpayer" petitions in Massachusetts if Plaintiffs' HealthBridge-managed facilities would agree to NEHCEU's pattern contract and agree to remain "neutral" in response to efforts by the Defendants to organize the non-unionized facilities owned, operated, or managed by Plaintiffs.

       d.     Milly Silva, UHWE, Executive Vice President, New Jersey Region.  In addition to the matters described in the introductory paragraph above, she is expected to have knowledge or information relating to the tactics employed by UHWE in an effort to secure Plaintiffs' recognition of Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities managed or operated by Plaintiffs; Defendants' false and

misleading statements regarding Plaintiffs; and the absence of factual support for Defendants' statements.

      e.    Maria Castaneda, UHWE Secretary-Treasury. In addition to the matters described in the introductory paragraph above, she is responsible for collecting, managing, and disbursing funds, and she is expected to have knowledge or information relating to the financial pressures facing the UHWE that serve as part of the motivation for Defendants' unlawful conduct described more fully in the Amended Complaint.

      f.    Brian Walsh, UHWE Organizer.  In addition to the topics described in the introductory paragraph above, he is expected to have knowledge or information relating to the matters covered in his oral and written statements, depositions and testimony in unfair labor practice and 10(j) proceedings instituted against plaintiff 1621 Route 22 West Operating Company, LLC, d/b/a Somerset Valley Rehabilitation and Nursing Center ("Somerset Valley").

      g.    Jillian Jacques, Union member.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information relating to the matters covered in her oral and written statements, deposition, and testimony in unfair labor practice and 10(j) proceedings instituted against plaintiff Somerset Valley.  She is also attended and participated in some of the demonstrations and actions on behalf of Defendants described more fully in the Amended Complaint, and she is expected to have knowledge or information relating to these issues.

      h.    Confidential Witness A.  This witness, for whom Plaintiffs seek a protective order permitting Plaintiffs to disclose his or her identity subject to an attorneys' eyes only provision of a protective order, is a now former high ranking UHWE organizer.  In addition to the topics described in the introductory paragraph above, this witness is expected to have

- 13 -

knowledge or information regarding the fact that in or around the Fall of 2011 and following a meeting of the UHWE "brain trust," Ricky Elliott, UHWE's vice president, candidly admitted that UHWE had decided to deemphasize the traditional NLRA-sanctioned election process in favor of coordinated corporate campaign designed to bring Plaintiffs "to their knees" so that the Plaintiffs would have no choice but to recognize the UHWE as the exclusive collective bargaining representatives at all of the non-unionized facilities owned, operated, or managed by Plaintiff, without regard to the wishes of their employees.

Upon information and belief, the individuals listed above, except for Mr. Elliott and Confidential Witness A, may be contacted at 310 W 43rd Street, 5th Fl, New York, NY 10036, 212-582-1890.

3.      Certain current and former officers, employees, and agents of Defendant New England Health Care Employees Union, District 1199 ("NEHCEU") are expected to have knowledge or information regarding the factual bases for Plaintiffs' allegations in the Amended Complaint; Defendants' defenses to same; Defendants' false and misleading statements directed against Plaintiffs; the absence of factual support for Defendants' statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the absence of any legitimate purpose for Defendants' abuses of legal processes and unnecessary regulatory actions; abusive and extortionate tactics employed by NEHCEU in an effort to secure Plaintiffs' agreement to NEHCEU's "pattern" collective bargaining demands and recognition of Defendant NEHCEU as the exclusive collective bargaining representatives at all of the non-unionized facilities managed by HealthBridge, without regard to the wishes of their employees; efforts to secure improper influence over Connecticut elected officials; campaign contributions made by or on behalf of Defendants and/or the SEIU to the election campaigns of Connecticut elected officials; control

and oversight that NEHCU exercises over its members, employees, and other agents; control and

oversight that the SEIU exercises over the NEHCEU, the UHWE, and other locals; actions by

the UHWE in furtherance of the corporate campaign against Plaintiffs; corporate campaigns by

or on behalf of the NEHCEU, the UHWE, the SEIU, or other locals of the SEIU against

employers other than Plaintiffs; coordination between and among the NEHCEU, the UHWE, and

the SEIU; the underfunding of the UHWE Pension Plan and the NEHCEU Pension Plan; the

RICO enterprises named in the Amended Complaint; each Defendant's participation in the

affairs of the RICO enterprises named in the Amended Complaint; the conspiracies described in

the Amended Complaint; the objects of these conspiracies; the mandate of Defendants and the

SEIU to deemphasize ordinary labor relations practices in favor of extortion and other criminal

and fraudulent tactics as a means of enhancing their market share in the long term care industry

in order to alleviate funding and liquidity problems faced by its sponsored pension plan; and

their actions directed against Plaintiffs as a part of this mandate.  Such individuals include but

are not limited to:

      a.     David Pickus, NEHCEU President.  In addition to the topics described in

the introductory paragraph above, he signs all official documents on behalf of NEHCEU in his

capacity as NEHCEU President and, upon information and belief, approves all NEHCEU

disbursements and directs organizing and collective bargaining strategies of the NEHCEU in

coordination with the SEIU.  He is also expected to have knowledge of the NEHCEU's goal, as

he admitted during a meeting on August 4, 2011, that Plaintiffs' HealthBridge-managed facilities

needed to sign the NEHCEU's "pattern" collective bargaining agreement that NEHCEU was

insisting upon -- which, among other things, requires contributions to NEHCEU's training and

pension funds -- or else the Union would run HealthBridge and the HealthBridge facilities out of

the State of Connecticut through relentless illegal and extortionate corporate campaign attacks against Healthbridge and the Connecticut-based plaintiffs.

b.      Patrick Quinn, Executive Vice-President. In addition to the topics described in the introductory paragraph above, he is expected to have knowledge or information relating to the financial pressures facing the NEHCEU that serve as part of the motivation for Defendants' unlawful conduct described more fully in the Amended Complaint; and the abusive and extortionate tactics employed by NEHCEU in an effort to secure Plaintiffs' agreement to NEHCEU's "pattern" collective bargaining demands and recognition of Defendant NEHCEU as the exclusive collective bargaining representatives at all of the non-unionized facilities managed by HealthBridge, without regard to the wishes of their employees.

c.      Almena Thompson, NEHCEU Secretary-Treasurer. In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information relating to the financial pressures facing the NEHCEU that serve as part of the motivation for Defendants' unlawful conduct described more fully in the Amended Complaint; and the abusive and extortionate tactics employed by NEHCEU in an effort to secure Plaintiffs' agreement to NEHCEU's "pattern" collective bargaining demands and recognition of Defendant NEHCEU as the exclusive collective bargaining representatives at all of the non-unionized facilities managed by HealthBridge, without regard to the wishes of their employees.

d.      Deborah Chernoff, NEHCEU Communications Director.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information relating to Defendants' false and misleading statements directed against Plaintiffs, including her claims in the Connecticut News blog dated July 20, 2012, annexed as Exhibit F to the Amended Complaint, inter alia, that representatives of Plaintiffs "staged" the acts of sabotage

orchestrated by Plaintiffs in an effort to make NEHCEU look bad and waited for "two whole weeks" after the sabotage to report the incidents; the absence of factual support for Defendants' statements.

e.       Jennifer Smith, NEHCEU Elected Organizer.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information regarding Defendants' false and misleading statements directed against Plaintiffs, including false and misleading statements about Plaintiffs made to elected and other governmental officials in the State of Connecticut; the absence of factual support for Defendants' statements; and the fact that Defendants enlisted government officials beholden to Defendants and the SEIU through outsized campaign contributions.

f.       Suzanne Clark, NEHCEU Negotiator.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information relating to the abusive and extortionate tactics employed by NEHCEU in an effort to secure Plaintiffs' agreement to NEHCEU's "pattern" collective bargaining demands.

Upon information and belief, the individuals listed above may be contacted at 77 Huyshope Ave., Hartford, CT 06106, 860-549-1199.

4.       Certain current and former officers, employees, and agents of the Service Employees International Union ("SEIU") are expected to have knowledge or information regarding the factual bases for Plaintiffs' allegations in the Amended Complaint; Defendants' defenses to same; control and oversight that each local affiliated with the SEIU, including the UHWE and NEHCU, exercises over its members, employees, and other agents; control and oversight that the SEIU exercises over the NEHCEU, the UHWE, and other locals; actions by the Defendants in furtherance of their corporate campaign against Plaintiffs; corporate

- 17 -

campaigns by or on behalf of the UHWE, the NEHCEU, the SEIU, or other locals of the SEIU, against employers other than Plaintiffs; efforts to secure improper influence over Connecticut elected officials; campaign contributions made by or on behalf of Defendants or the SEIU to the election campaigns of Connecticut elected officials; coordination between and among the UHWE, the NEHCEU, and the SEIU; the underfunding of the UHWE Pension Plan and the NEHCEU Pension Plan; the RICO enterprises named in the Amended Complaint; the Defendants' participation in the affairs of the RICO enterprises named in the Amended Complaint; the conspiracies described in the Amended Complaint; the objects of these conspiracies; the mandate of the SEIU and its locals to deemphasize ordinary labor relations practices in favor of extortion and other criminal and fraudulent tactics as a means of enhancing their market share in the long term care industry; and their assistance to their local chapters, including Defendants, to further this mandate. Such individuals include but are not limited to:

     a.     Mary Kay Henry.  She is the current SEIU International President.  In addition to the topics described in the introductory paragraph above, she signs all official documents on behalf of the SEIU and, upon information and belief, approves all SEIU disbursements and directs organizing and collective bargaining strategies of the SEIU and local unions affiliated with the SEIU.

     b.     Kirk Adams, SEIU International Executive Vice President.

     c.     Gerald Hudson, SEIU International Executive Vice President.

     d.     Eileen Karlin, SEIU International Executive Vice President.

     e.     Rocio Sáenz, SEIU International Executive Vice President.

     f.     Mike Fishman, SEIU Secretary-Treasurer.

g.      Mairym I. Ramos, SEIU Deputy Director, Geography Department.  In addition to the topics described in the introductory paragraph above, she is expected to have knowledge or information regarding false and misleading statements that she and others disseminated on behalf of Defendants and/or the SEIU regarding Plaintiffs and Aveta, Inc., another entity for which Plaintiffs' owner/indirect owner Daniel Straus served as Principal Stockholder and a Board Member; and the absence of factual support for these false and misleading statements.

Upon information and belief, the individuals listed above may be contacted at 1800 Massachusetts Avenue NW, Washington, DC 20036.

5.      The current and former officers and employees of the 1199SEIU Funds, including, but not limited to, the 1199SEIU Health Care Employees Pension Fund and the 1199SEIU HealthCare Employees Training Fund, have knowledge of their underfunded liabilities and other considerable debt and the actions taken by Defendants and the SEIU to alleviate this debt through increasing revenues and increasing membership. Such individuals include but are not limited to:

a.      Mitra Behroozi, Esq., Executive Director, 1199SEIU Benefit and Pension Funds

b.      Vivian Fox, Executive Director, 1199SEIU Child Care Funds

c.      Deborah King, Executive Director, 1199SEIU Training and Employment Fund

d.      Maria Castaneda, Trustee, 1199SEIU Funds

e.      Dennis Rivera, Co-Chair, 1199SEIU Funds

Upon information and belief, the individuals listed above may be contacted at 330 West 42nd Street, New York, NY 10036, 646-473-8666

6.      Current and former officers, employees, and agents of the New England Health Care Employees Pension Fund and the New England Health Care Employees Training Fund have knowledge of their underfunded liabilities and other considerable debt and the actions taken by Defendants and the SEIU to alleviate this debt through increasing revenues and growing membership. Such individuals include but are not limited to:

      a.      Robert F. Tessier, Executive Director

      b.      Almena Thompson, Trustee

Upon information and belief, the individuals listed above may be contacted at 77 Huyshope Avenue, 2nd Floor, Hartford, CT 06106, 860-728-1100.

7.      Certain public officials and officers are expected to have knowledge or information relating to Defendants' involvement in legal proceedings initiated by Plaintiffs, legal actions which Defendants initiated against Plaintiffs, their support offered to Defendants either verbally or through their participation in or assistance of Defendants' corporate campaign directed towards Plaintiffs, and political contributions to their political campaigns made by or on behalf of Defendants or the SEIU.  Such individuals include but are not limited to:

      a.      State of Connecticut, Office of the Governor, 210 Capitol Avenue, Hartford, CT 06106.  In addition to the topics described in the introductory paragraph above, Plaintiffs identify Governor Dannell Malloy as a non-party participant who benefitted from $400,000 in campaign expenditures by the SEIU and an affiliated local union for his 2010 election campaign.  He and his office are also expected to have knowledge or information relating to the assistance that his office has provided to the Unions in their corporate campaign

against Plaintiffs; Malloy's appearance and attendance on the picket line at the Newington

Health Care Center on July 11, 2012 despite the strike-related sabotage and vandalism that

occurred eight days earlier; interference with the application to close the Wethersfield Health

Care Center; and threats to take the assets of the Connecticut facilities managed by Plaintiff

HealthBridge under receivership.

   b. State of Connecticut, Division of Criminal Justice, Office of the Chief

State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067.  The Office of the Chief State's

Attorney investigated the strike-related sabotage orchestrated by defendant NEHCEU against

three of Plaintiffs' facilities in 2012, and against other facilities in 2001, and is expected to have

knowledge or information relating to this sabotage.

   c. Richard Blumenthal, United States Senator, Richard Blumenthal, 724 Hart

Senate Office Bldg., Washington, DC 20510.   In addition to the topics described in the

introductory paragraph above, he is expected to have knowledge or information regarding the

substance of the false and misleading statements about Plaintiffs that representatives of

Defendants made to him and his office; and other pertinent communications that he and his

office had with representatives of Defendants and the SEIU.

   d. Rosa De Lauro, Member of the United States House of Representatives,

2413 Rayburn House Office Building, Washington, DC 20515.  In addition to the topics

described in the introductory paragraph above, she is expected to have knowledge or information

regarding the substance of the false and misleading statements about Plaintiffs that

representatives of Defendants made to her and her office; and other pertinent communications

that she and her office had with representatives of Defendants and the SEIU.

      d.     George Jepsen, Attorney General of the State of Connecticut, 55 Elm Street, Hartford, CT 06106.  In addition to the topics described in the introductory paragraph above, he is expected to have knowledge or information regarding his refusal to offer meaningful assistance in response to reports from HealthBridge of strike-related sabotage on July 2 and 3, 2012; his appearance and attendance on the picket lines with striking employees; and his subsequent recusal from matters involving HealthBridge and NEHCEU based on the apparent conflict of interest.

      e.     Russell Morin, Connecticut State Representative, 495 Brimfield Road, Wethersfield, CT 06109.  In addition to the topics described in the introductory paragraph above, he is expected to have knowledge or information regarding the substance of the false and misleading statements about Plaintiffs that representatives of Defendants made to him and his office; and other pertinent communications that he and his office had with representatives of Defendants and the SEIU.

      f.     John Fonfara, Connecticut State Senator, 99 Montowese Street, Hartford, CT 06114.  In addition to the topics described in the introductory paragraph above, he is expected to have knowledge or information regarding the substance of the false and misleading statements about Plaintiffs that representatives of Defendants made to him and his office; and other pertinent communications that he and his office had with representatives of Defendants and the SEIU.

      g.     Dan Malloy for Governor, 8 Kings Lane, Essex, CT 06426.  This political campaign is expected to have knowledge or information relating to political contributions made to it, and other assistance and support provided to it, by or on behalf of Defendants, the SEIU, and/or individuals associated with Defendants and/or the SEIU.

h.      Jepsen 2010, 28 Foster Street, Hartford, CT 06106.  This political campaign is expected to have knowledge or information relating to political contributions made to it, and other assistance and support provided to it, by or on behalf of Defendants, the SEIU, and/or individuals associated with Defendants and/or the SEIU.

8.      Certain other entities and/or organizations are expected to have knowledge or information regarding the facts alleged in the Amended Complaint, including Defendants' dissemination of false and misleading information regarding Plaintiffs over the Internet and mails; the disclosure of confidential information of Plaintiffs; and protests, performance art, marches, and other demonstrations directed against Plaintiffs and Daniel Straus. Such entities and/or organizations consist of, by example, student organizations affiliated with New York University and entities offering marketing, advertising or public relations services, described more fully in the Amended Complaint, and include but are not limited to:

a.      New York University for Occupy Wall Street, 70 Washington Square S, New York, NY 10012

b.      New York University Student Labor Action Movement, 70 Washington Square S, New York, NY 10012, nyuslam@gmail.com

c.      New York University Law Students for Economic Justice, 40 Washington Sq. South, New York, NY 10012

d.      UnitedNY.org, 330 W 42nd St, 9th Floor, New York, NY 10036

e.      Checkmate Consulting Group, 461 Main Street, East Greenwich, Rhode Island  02818

f.      Gorilla Trucking Company.  Current address unknown

Plaintiffs reserve the right to revise, amend and/or supplement this list as they ascertain, through discovery or otherwise, that other individuals have knowledge of facts and circumstances relating to Plaintiffs' claims and Defendants' defenses in this lawsuit.

**K&L GATES LLP**
Attorneys for Plaintiffs
Care One Management, LLC, <u>et al</u>


By:__/s/ Rosemary Alito____
        Rosemary Alito

Dated:  March 5, 2014