UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE MANAGEMENT, LLC, et al., | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | Civil Action No. 12-6371 (SDW)<br>: |
| UNITED HEALTHCARE WORKERS EAST, SEIU, 1999, et al., | :<br>: ORDER |
| Defendants. | :<br>: |

This matter having come before the Court by way of: (1) Motion to Quash filed by non-party movants Luke Herrine and Leo Gertner [D.E. 100, 101, 102, 103]; (2) Motion to Quash filed by non-party movants National Labor Consultants and Keith Peraino [D.E. 173]; (3) Motion to Quash filed by third-party Moshael Straus [D.E. 149]; (4) Plaintiffs' Motion for Sanctions and Suppression of Defenses or alternatively, for an Adverse Inference [D.E. 122]; and (5) the parties' submissions [D.E. 193, 194, 196, 197, 198], outlining their respective discovery issues pursuant to the Court's Order dated October 24, 2014 [D.E.184];

and the Court having considered the parties' submissions as well as the applicable law;

and the Court having held a hearing on the record on December 3 and December 4, 2014;

and for the reasons set forth on the record on December 3 and December 4, 2014;

and for good cause shown;

**IT IS on this 12th day of December, 2014**,

**ORDERED that:**

1. Non-party movants Luke Herrine and Leo Gertner's Motion to Quash [D.E. 100, 101, 102, 103] is granted in part and denied in part.

   a. If, at the end of paper discovery, Plaintiffs still conclude that communications between the union and the student group, Law Students for Economic Justice ("LSEJ"), are not adequately accounted for, Plaintiffs may seek leave to issue subpoenas for those documents.  In addition, consistent with the representations in Luke Herrine and Leo Gertner's declarations, the Court directs the parties to continue to preserve all documents that may be responsive to the subpoenas.
   b. The parties shall meet and confer regarding the dispute over communications with Dean Morrison.  If there are lingering issues after having conferred, the parties shall bring the issue to the Court's attention by way of a joint letter outlining the parties' positions.
   c. On or before **January 23, 2015**, any payments and any correspondence between unions and students shall be produced to Plaintiffs, limited to the time period of August 2012 to March 9, 2014 for Luke Herrine, and August 2013 to March 9, 2014 for Leo Gertner.  All such material shall be produced pursuant to "Attorney's Eyes Only" designation outlined in the parties' Discovery Confidentiality Order [D.E. 95].

2. The Court shall reserve its ruling on non-party movants National Labor Consultants ("NLC") and Keith Peraino's Motion to Quash [D.E. 173] until after Plaintiffs produce to Defendants all documents regarding NLC and Keith Peraino.  The parties shall meet and confer on the date of Plaintiffs' document production, and inform the Court via a joint letter when the production is complete.

3. Third-party Moshael Straus' Motion to Quash [D.E. 149] is granted except that:
   a. On or before, **December 29, 2014**, Plaintiffs shall provide to Defendants a supplemental declaration regarding the scope of Moshael Straus' knowledge of the Connecticut bankruptcy proceedings.
   b. If, at the conclusion of discovery, Defendants still believe that Moshael Straus has relevant information under Rule 16, Defendants may seek leave to subpoena Moshael Straus.

4. Plaintiffs' motion for Sanctions of Suppression of Defenses or alternatively, for an Adverse Inference [D.E. 122] is denied without prejudice.

5. The parties shall meet and confer in a good faith effort to resolve the discovery disputes raised by Plaintiffs' Document Demand Nos. 5, 8, 9, 10, 17, 18, 19, and 78.  Specifically, the parties shall confer on Defendants' claim that the information sought relates to their collective bargaining proposals and are thus privileged, confidential, or protected as a trade secret.  Should such effort fail to resolve the disputes, the matter shall be brought to the Court's attention via a joint letter.

6. Plaintiffs' application to compel Defendants to produce all documents redacted for relevance in unredacted form is denied.
   a. If Plaintiffs believe relevant information on "other employees" was improperly redacted, the parties shall meet and confer to attempt to resolve this issue.  Should such effort fail, the matter shall be brought to the Court's attention via a joint letter.

7. The parties shall immediately meet and confer to schedule Elizabeth Daley's deposition. Further, solely regarding this one communication between Elizabeth Daley and William Gady that Plaintiffs assert is privileged, counsel for Plaintiffs shall confer with their clients to determine whether they will agree to proceed with document production under Fed. R. Evid. 502(d). If so, such documents will be produced with "Confidential" or "Attorney's Eyes Only" designations under a discovery confidentiality order.

8. Plaintiffs' request that Defendants withdraw their confidentiality designations regarding documents accompanying Plaintiffs' pending motion to amend [D.E. 156] is denied without prejudice. Further, the parties shall meet and confer on whether to submit an omnibus motion to seal.

9. Plaintiffs shall amend their answers to Defendants' Interrogatory No. 7 by itemizing all publications that Plaintiffs contend are false, misleading, or baseless, and a brief reason as to why each publication is allegedly fraudulent. The parties shall meet and confer to determine a date for the completion of Plaintiffs' amendments to their answers. The parties shall notify the Court of such date via a joint letter.

10. On or before **December 31, 2014**, Plaintiffs shall supplement their initial responses to Defendants' Interrogatory No. 13 with additional information about each allegedly extortionate demand. Plaintiffs must provide to Defendants enough detail and context about each specific demand, so that Defendants can identify each demand. Plaintiffs shall also provide Defendants with the bargaining proposals that serve the basis of their Complaint.

11. On or before **January 5, 2014**, Plaintiffs shall provide to Defendants a list of lost customers and lost patient referral sources, along with reasons why each customer left. If a reason is unclear or unavailable, that must also be disclosed to Defendants.

12. Plaintiffs shall provide to Defendants employee lists from 2010 to present, including all supervisors at centralized and facility-level. The parties shall meet and confer to determine a date for Plaintiffs' production of such documents. The parties shall notify the Court of the date via a joint letter.

13. Defendants' request for Plaintiffs' corporate tax returns is denied without prejudice.
    a. Plaintiffs shall disclose a list of materials, including cost reports, and Profit and Loss statements to Defendants.
    b. Plaintiffs shall also provide to Defendants consolidated financial statements and other statements that are not encompassed in the Profit and Loss statements.
    c. The parties shall meet and confer to determine a date for Plaintiffs' production of such documents. The parties shall notify the Court of the date via a joint letter.

14. Upon agreement of the parties, Defendants shall withdraw, without prejudice, their requests (Interrogatory Nos. 11 and 12, Document Requests No. 7, 9, 13, 14) for production of documents regarding financial and other relationships among Plaintiffs and related corporate entities.

15. Plaintiffs shall provide to Defendants documents from 2009 to present related to offers by third parties to purchase one or more of the Plaintiffs' facilities.  The parties shall meet and confer to determine a date for Plaintiffs' production of such documents.  The parties shall notify the Court of the date via a joint letter.

16. On or before **December 15, 2014**, the parties shall confer to determine a date for the completion of document production.  The parties shall notify the Court of such date via a joint letter.

17. On or before **December 22, 2014**, the parties shall submit a jointly proposed amended scheduling order with adjusted dates, including dates concerning:  (1) production of documents; (2) the end of fact discovery; and (3) the deadline for raising any further written discovery disputes.

*s/ Michael A. Hammer*_____
**United States Magistrate Judge**