**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United Healthcare Workers East, SEIU 1199 et al.,<br><br>Defendants. | Civil Action No: 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J. |

**BRIEF IN SUPPORT OF MOTION OF K&L GATES LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR NON-PARTY KEITH PERAINO**

**K&L GATES LLP**
One Newark Center
Tenth Floor
Newark, New Jersey 07102
(973) 848-4000

Rosemary Alito
George P. Barbatsuly
Margaret Korgul

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ ii

STATEMENT OF THE CASE ........................................ 1

ARGUMENT ........................................ 2

LEAVE TO WITHDRAW SHOULD BE GRANTED ........................................ 2

CONCLUSION ........................................ 3

# TABLE OF AUTHORITIES

## CASES

Cuadra v. Univision Comms.,
2012 U.S. Dist. LEXIS 48431 (D.N.J. Apr. 4, 2012) .......... 2

Haines v. Liggett Group, Inc.,
814 F. Supp. 414 (D.N.J. 1993) .......... 2

Rusinow v. Kamara,
920 F. Supp. 69 (D.N.J. 1996) .......... 2

## RULES

Local Civil Rule 102.1 .......... 2

RPC 1.16 .......... 2

RPC 1.16(a)(3) .......... 3

RPC 1.16(c) .......... 3

## STATEMENT OF THE CASE

K&L Gates LLP ("K&L Gates" or "the Firm") moves for leave to withdraw as counsel for non-party Keith Peraino ("Peraino").

Peraino is the former Chief Executive Officer of non-party National Labor Consultants ("NLC"), a professional association that provides assistance to employers regarding traditional labor activities. (Declaration of Keith Peraino, dated September 29, 2014 (ECF No. 173-1), ¶1). The Firm has previously appeared in this action on behalf of NLC and Peraino in connection with their prior motion to quash the subpoena ad testificandum directed to Peraino. (ECF Nos. 173). The Firm also has represented, and continues to represent, NLC in connection with the renewed motion to quash the subpoena ad testificandum directed to Peraino, and in responding to a separate subpoena duces tecum directed to it. (Declaration of George P. Barbatsuly ("Barbatsuly Decl.), ¶¶ 2, 3).

At the time of the Firm's prior motion to quash, Peraino was NLC's Chief Executive Officer. (Peraino 9/29/2014 Decl. ¶ 1). That no longer remains the case and Peraino is no longer affiliated with NLC. (Barbatsuly Decl. ¶ 4). On June 28, 2016, Peraino confirmed that he no longer wishes to be represented by the Firm in connection with this matter. (Barbatsuly Decl. ¶ 5). Accordingly, K&L Gates now moves to withdraw as his counsel.

## ARGUMENT

## LEAVE TO WITHDRAW SHOULD BE GRANTED

Local Civil Rule 102.1 provides that "[b]efore a case is set for trial, counsel may withdraw from representation freely so long as other counsel is substituted. In all other circumstances, withdrawal . . . requires leave of court." Whether to permit an attorney to withdraw is within the discretion of the court. Cuadra v. Univision Comms., 2012 U.S. Dist. LEXIS 48431 (D.N.J. Apr. 4, 2012) ("Whether or not to grant withdrawal is within the discretion of a court"); Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996) (same).

In determining whether the Court will grant withdrawal, the Court considers the following factors: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." Haines v. Liggett Group, Inc., 814 F. Supp. 414, 423 (D.N.J. 1993) (internal citations omitted). The Court also considers the criteria set forth in Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC 1.16"). Rusinow, 920 F. Supp. at 71; Haines, 814 F. Supp. at 22. In pertinent part, RPC 1.16 provides that "except as stated in [RPC 1.16(c), a lawyer . . . shall withdraw

from the representation of a client if . . . the lawyer is discharged." RPC 1.16(a)(3) (emphasis added).[1]

Applying these standards, the Court should grant the Firm leave to withdraw. The sole reason that the Firm is seeking withdrawal is that Peraino no longer wishes to be represented by the Firm. (Barbatsuly Decl., ¶ 5). RPC 1.16(a)(3) requires that the Firm withdraw as his counsel under these circumstances, unless the Court directs otherwise. See RPC 1.16(c). Moreover, the case remains in the midst of discovery, and no trial date has been set yet. Accordingly, given Peraino's stated desire that the Firm not represent him, the Firm requests that the Court grant it leave to withdraw as his counsel.

## CONCLUSION

For the foregoing reasons, K&L Gates respectfully requests that the Court grant its motion for leave to withdraw as counsel for Peraino.

Respectfully submitted,

K&L GATES LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001

By: /s/ Rosemary Alito
Rosemary Alito

Dated: July 5, 2016

[1] RPC 1.16(c) provides that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."