# Defendants' Exhibit 1

# SEIU 2016 CONSTITUTION AND BYLAWS

AS ADOPTED at the SEIU 2016 Convention




SEIU
Stronger Together

Service Employees International Union, CTW, CLC

## PART C: BUSINESS AND FINANCIAL ACTIVITIES

*Protection of member funds*

**Section 4. General Duty to Protect Members' Funds; Members' Right to Examine Records.**

**(a)** The assets and funds of a labor organization are held in trust for the benefit of the membership. Members are entitled to assurance that those assets and funds are expended for proper and appropriate purposes. The Union shall conduct its proprietary functions, including all contracts for purchase or sale or for the provision of significant services, in a manner consistent with this Code. All officers, executive board members and employees of SEIU and SEIU Affiliates, whether elected or appointed, have a trust and high fiduciary duty to honestly and faithfully serve the best interests of the membership.

*Fiduciary duty*

*Examination of records*

**(b)** Consistent with Section 201 of the Labor-Management Reporting and Disclosure Act, SEIU shall permit a member for just cause to examine any books, records and accounts necessary to verify SEIU's annual financial report under that section to the U.S. Department of Labor.

**(c)** Affiliates comprised solely of members employed by government bodies shall permit a member to examine its financial report submitted to a state agency and, consistent with state law and for just cause, to examine any books, records and accounts necessary to verify the Affiliate's financial report.

*Prohibited interests and transactions*

**Section 5. Prohibited Financial Interests and Transactions.** Covered individuals shall not, to the best of their knowledge, have a substantial ownership or financial interest that conflicts with their fiduciary duty.

*Definition*

**(a)** For purposes of these rules, a "substantial ownership or financial interest" is one which either contributes significantly to the individual's financial well-being or which enables the individual to significantly affect or influence the course of the business entity's decision-making.

**(b)** A "substantial ownership or financial interest" does not include stock in a purchase plan, profit-sharing plan, employee stock ownership plan (ESOP) or blind trust. Nor does it prohibit covered individuals from owning, through a mutual fund or other similar investment vehicle, the publicly traded shares of any employer with which SEIU or an Affiliate engages in collective bargaining or does business or which SEIU or an Affiliate seeks to organize, provided that all transactions affecting such interests are consistent with rates and terms established by the open market.

**(c)** It is not permissible for any covered individual to:

*Employers*

**(1)** Knowingly have a substantial ownership or financial interest in any entity that engages in collective bargaining with SEIU or any of its Affiliates;

(2) Make or attempt to influence or participate in any way in a decision concerning the relations of SEIU or an Affiliate with a vendor, firm or other entity or individual in which the covered individual or his or her relative, spouse or business partner has a substantial ownership or financial interest; or *Vendors*

(3) Engage in any self-dealing transactions with SEIU or any of its Affiliates, such as buying property from or selling property to SEIU, without the informed approval of the International Secretary-Treasurer (or Affiliate Secretary-Treasurer, as applicable), obtained after full disclosure, including an independent appraisal of the fair market value of the property to be bought or sold. *Self-dealing*

**(d)** To ensure compliance with this Section, covered individuals are required to disclose any interests, transactions or interests covered by this Section in accordance with Section 3(b) of this Code. *Disclosure*

**Section 6. Payments and Gifts from Employers, Vendors and Members.** *Payments and gifts*

**(a)** Covered individuals shall not knowingly accept any payments, benefits or gifts of more than minimal financial value under the circumstances presented from any employer that engages or seeks to engage in collective bargaining with SEIU or an Affiliate, or from any business or professional firm that does business or seeks to do business with SEIU or an Affiliate. *Prohibition*

(1) This Section does not extend to payments and benefits that are provided to covered individuals by prohibited employers as compensation for their primary and regular employment. *Regular employment*

(2) This Section does not extend to work and services that covered individuals perform for prohibited employers or businesses on a part-time basis, through an arm's length transaction and for normal and customary pay for such work or services. *Payment for services*

(3) This Section does not extend to participation in events hosted by public officials involving discussion of public policy matters. *Public policy events*

(4) With respect to perishable items that are more than minimal but that are impracticable to return, such as food, it shall be considered compliance with this Section to discard such an item or place it in a common area for members and office staff to enjoy. If the gift is discarded or enjoyed communally, it is recommended that the giver should be advised of this disposition to dispel the appearance of any conflict of interest on the part of any covered individual and to discourage recurrence. *Perishable items*

# Defendant's Exhibit 2

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 3

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Attorneys for Plaintiffs
Care One Management, LLC, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United Healthcare Workers East, 1199 SEIU; New England Health Care Employees Union, District 1199; and Service Employees International Union,<br><br>Defendants. | Civil Action No. 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J.<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH SUPPLEMENTAL SET OF DOCUMENT REQUESTS** |

TO: Leon Dayan, Esq.
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, N.W.
Washington, D.C. 20005

Plaintiffs Care One Management, LLC, et al. ("Plaintiffs") make the following responses and objections to Defendants United Healthcare Workers East, 1199 SEIU ("UHWE"); New England Health Care Employees Union, District 1199 ("NEHCEU"); and Service Employees International Union ("SEIU")'s (collectively, "Defendants") Fifth Supplemental Set of Document Requests ("Discovery Requests"). Plaintiffs reserve the right to amend and supplement these responses and objections as discovery and investigation progress.

**RESPONSES TO DEFENDANTS' FIFTH SUPPLEMENTAL SET OF DOCUMENT REQUESTS**

**1. Any limited liability company agreement or operating agreement for each Plaintiff including all amendments thereto, in effect from January 1, 2001 to the present.**

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to this Discovery Request on the grounds that it is overbroad and unduly burdensome, seeks information predating June 1, 2009, and seeks information not relevant to any party's claim or defense and proportional to the needs of the case.

**2. All limited liability company agreement or operating agreement for Green Field, LLC, including all amendments thereto, in effect from January 1, 2001 to the present.**

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to this Discovery Request on the grounds that it is overbroad and unduly burdensome, seeks information predating June 1, 2009, and it seeks information seeks information not relevant to any party's claim or defense and proportional to the needs of the case. Plaintiffs further object to this Discovery Request on the grounds that it seeks confidential information, the disclosure of which would be an invasion of privacy of an entity not party to this action.

**3. All documents reflecting the ownership structure and organization of Green Field, LLC, including documents identifying any owner, member, or manager of Green Field, LLC, or the assignee of an owner's or member's interest in Green Field, LLC, from January 1, 2001 to the present.**

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to this Discovery Request on the grounds that it is overbroad and unduly burdensome, seeks information predating June 1, 2009, and it seeks information seeks information not relevant to any party's claim or defense and proportional to the needs of the case. Plaintiffs further object to this Discovery Request on the grounds that it seeks confidential information, the disclosure of which would be an invasion of privacy of an entity not party to this action.

**4. All documents reflecting the relationship between Green Field, LLC and any Plaintiff, from January 1, 2001 to the present.**

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to this Discovery Request on the grounds that it is overbroad and unduly burdensome, it seeks information predating June 1, 2009, and seeks information not relevant to any party's claim or defense and proportional to the needs of the case. Plaintiffs further object to this Discovery Request on the grounds that it seeks confidential information, the disclosure of which would be an invasion of privacy of an entity not party to this action, and that it is vague and ambiguous, in that the phrase "relationship between Green Field, LLC and any Plaintiff" is unclear and to which Plaintiffs are incapable of providing a response.

Notwithstanding the foregoing objections, Plaintiffs will produce documents reflecting the relationship between Green Field, LLC and Plaintiffs during the operative time period.

# Defendants' Exhibit 4

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 5

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 6

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 7

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 8

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 9

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 10

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 11

[redacted]

[redacted]

# Defendants' Exhibit 12

[redacted]

MAGNA
LEGAL SERVICES

[redacted]



MAGNA LEGAL SERVICES

[redacted]

# Defendants' Exhibit 13

MAGNA
LEGAL SERVICES

[redacted]

[redacted]

# Defendants' Exhibit 14

[redacted]

[redacted]

# Defendants' Exhibit 15

K&L GATES

K&L GATES LLP
ONE NEWARK CENTER
TENTH FLOOR
NEWARK, NJ 07102
T 973.848.4000 F 973.848.4001 klgates.com

February 20, 2018

**Via E-mail**

Leon Dayan
Bredhoff & Kaiser, PLLC
805 Fifteenth Street NW
Washington, DC 20005

Rosemary Alito
Rosemary.alito@klgates.com

T +1 973 848 4022
F +1 973 848 4001

**Re: Care One Management LLC, et al. v. United Healthcare Workers East, SEIU 1199 et al. (No. 12-CV-06371-SDW-MAH)**

Dear Leon,

This letter is in response to Defendants' November 13, 2017 letter regarding Plaintiffs' responses to various discovery requests.

**1. "Limited Liability Company Agreements, Operating Agreements, Asset Management Agreements, and Management Agreements for Plaintiffs and Green Field, LLC (Defs.' Supp. Doc. Request Nos. 1 and 2)"**

While we thank you for your compromise proposal that Plaintiffs set up a "data room" containing copies of the aforementioned documents, Plaintiffs respectfully reject your offer. As explained in our October 16, 2017 letter, Plaintiffs fail to see how these documents are relevant to any claims or issues in this case. Specifically, they are not at all relevant as to the question of "which of the 56 interrelated Plaintiffs is entitled to claim each of the various categories of damages alleged in Plaintiffs' initial disclosures." That question can be answered by other documents and evidence that have been or will be produced in this litigation, including, among many other things, Plaintiffs' financial statements, deal documents, correspondence and filings with state regulatory agencies, various invoices, and all of Defendants' negative publications.

Defendants assert that the requested documents will "demonstrate what individual(s) was ultimately responsible for making decisions on behalf of each Plaintiff." But the identity of individual decision-makers has no relevance to the issues in this case, especially since Plaintiffs' state of mind is not at issue; Plaintiffs' actions speak for themselves. Nevertheless, as a practical matter, Defendants already know who the relevant "decision-makers" are for Plaintiffs: At the individual facility level, most of the day-to-day decisions are made by the administrators (or their designees). Beyond that, at a corporate or management level, Defendants have already deposed (or noticed for deposition) all of the individuals who would

have had any major decision-making authority on behalf of Plaintiffs. Furthermore, Defendants have had access to the very information they now claim to be seeking in the form of the above-referenced agreements through the individual centers' cost reports, which delineate corporate ownership.

As for the burden of collecting documents for each named Plaintiff, while we can not provide an estimate as to the time or expense required for searching for each Plaintiff's agreements, we have made a preliminary inquiry with our client and have been advised that there is no repository within which a complete set of all such documents is maintained.

Therefore, Plaintiffs' final proposal to resolve this dispute is what we outlined in our October 16the letter: Plaintiffs are willing to produce a list identifying the "manager" of each Plaintiff, as defined in each entity's LLC agreement. Plaintiffs are happy to discuss this issue further, but if this proposal is not acceptable to Defendants, it appears that the parties are at an impasse.

**2. "Remaining Requests Relating to Green Field, LLC (Defs.' Supp. Doc. Request Nos. 3 and 4)"**

Plaintiffs are providing Defendants with a proposed stipulation herewith.

**3. "Care One Annual Leadership Conferences (Defs.' Supp. Doc. Request Nos. 5 and 6)"**

Regarding Defendants' request for "all documents distributed to annual conference attendees reflecting the quality of care census, payer mix, or financial performance of any of the Plaintiffs," Plaintiffs continue to object on the basis that the information is neither relevant nor proportionate to the needs of the case.

**4. "NLC Consultants and Referred Persons (Defs.' Supp. Doc. Request Nos. 7 and 8)"**

Plaintiffs' response to these requests is not incomplete. During the August 22, 2017 meet-and-confer, when asked to clarify the scope of these requests, you explained that Defendants were looking for documents relating to individuals who were referred to work for Plaintiffs by NLC, but not paid by NLC. You further explained that you were looking for individuals where NLC told Plaintiffs that they should hire the person because he or she would be useful for anti-union work. Plaintiffs' response therefore remains the same. After a good-faith inquiry, Plaintiffs and NLC have no knowledge of any employees or consultants referred by NLC, but paid by Plaintiffs, to assist with any so-called "anti-union work."

**5, 9. [Resolved]**

**6. "List of Employees at Care One at Madison Avenue (Defs.' Supp. Doc. Request No. 11)"**

Please see the document produced as CareOne_00280639-41 and DEFS-0000380896.

**7. "Documents Compiled or Authored by MyInnerview and Pinnacle Relating to Customer or Resident Satisfaction (Defs.' Supp. Doc. Request No. 12)"**

Please see documents marked CareOne_00382637 – CareOne_00386698, which were produced to you on January 16, 2018.

**8. "Plaintiffs' Deficient Responses to Interrogatory No. 1 of SEIU's Second Set of Interrogatories"**

Notwithstanding Plaintiffs' rejection of Defendants' characterization of Plaintiffs' response as "deficient," Plaintiffs are serving a supplemental response to Interrogatory No. 1 herewith.

Sincerely,

*/s/ Rosemary Alito*

Rosemary Alito

# Defendants' Exhibit 16

MAGNA
LEGAL SERVICES

[redacted]

[redacted]



MAGNA
LEGAL SERVICES

[redacted]

# Defendants' Exhibit 17

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Attorneys for Plaintiffs
Care One Management, LLC, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United Healthcare Workers East, 1199 SEIU; New England Health Care Employees Union, District 1199; and Service Employees International Union,<br><br>Defendants. | Civil Action No. 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J.<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SIXTH SUPPLEMENTAL SET OF DOCUMENT REQUESTS** |

TO: Leon Dayan, Esq.
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, N.W.
Washington, D.C. 20005

Plaintiffs Care One Management, LLC, et al. ("Plaintiffs") make the following responses and objections to Defendants United Healthcare Workers East, 1199 SEIU ("UHWE"); New England Health Care Employees Union, District 1199 ("NEHCEU"); and Service Employees International Union ("SEIU")'s (collectively, "Defendants") Sixth Supplemental Set of Document Requests ("Discovery Requests"). Plaintiffs reserve the right to amend and supplement these responses and objections as discovery and investigation progress.

**5. For each individual named or described in the subparts of this request, produce his or her complete employment record and personnel file, including but not limited to any application for employment; all communications among Plaintiffs concerning his or her application for employment; all communications among Plaintiffs concerning contemplated or actual discipline of that employee, and all communications among Plaintiffs concerning any contemplated or actual cessation from employment:**

**a. The "new aid … talking about getting the Union back," referred to in the document that begins at CareOne_00341241.**

**b. Matthew Spellen, referred to in the document that begins at CareOne_00340295.**

**c. The individual who posted materials on his Facebook page, referred to in the document that begins at CareOne_00340122.**

**d. The employee who told Valerie Schmid "that Daniel Strauss has given NYU money for a building," referred to in the document that begins at CareOne_00339647.**

**e. The former "union steward for the LPNs at Northampton" referred to in the document that begins at CareOne_00333910.**

**f. The "CNA applicant from CT" referred to in the document that begins at CareOne_00339449.**

**g. The "per-diem employee" who hugged Kim Komoroski, referred to in the document that begins CareOne_00332368.**

**h. The "nursing aid" who "is telling staff that the employees need a union," referred to in the document that begins at CareOne_00333114.**

**i. The "nursing assistant" who "was the other pro union employee" referred to in the document that begins at CareOne_00333114.**

**j. "Dexter," referred to in the document that begins at CareOne_00344717.**

**k. The individual whose application is reproduced in part at CareOne_00234852 in the document that begins at CareOne_00234829.**

**l. "Ronald," referred to in the document that begins at CareOne_00102472.**

**m. The individual who "goes into the kitchenette on the floor to discuss 'things' with a CNA," referred to in the document that begins at CareOne_00276657.**

**n. The "CNA" referred to in the document that begins at CareOne_00276657.**

o. **"Pierre Borgella." referred to in the document that begins at CareOne_00102931.**

p. **"Lucy A" referred to in the document that begins at CareOne_00102931.**

q. **"Johanne Detail," referred to in the document that begins at CareOne_00102931.**

r. **"Anicia Prinston," referred to in the document that begins at CareOne_00102931.**

s. **Employee number 71 referred to at CareOne_00280570 in the document that begins at CareOne_00280563.**

t. **The recently hired employee who "had a professional reference from the SEIU in their file," referred to in the document that begins at CareOne_00233808.**

u. **"Irene," referred to in the document that begins at CareOne_00280823.**

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to this Discovery Request on the grounds that it is overbroad and unduly burdensome, and it seeks information not relevant to any party's claim or defense and proportional to the needs of the case, and any effort to search for and produce responsive information, if any exists, is unwarranted. Plaintiffs further object to this Discovery Request on the grounds that it seeks confidential information, the disclosure of which would be an invasion of privacy of an entity not party to this action. Plaintiffs also object to this Discovery Request to the extent that it violates the Parties' agreement to protect the identities of individual employees expressing opinions on unionization.

6. **All invoices, receipts, or other documents reflecting any request for payment or any payment for "security for the HealthBridge and CareOne employees exercising their right to free speech in a counter-protest," referred to in the document that begins at PRISM0020320.**

**RESPONSE:**

# Defendants' Exhibit 18

[redacted]

# Defendants' Exhibit 19

[redacted]

[redacted]

# Defendants' Exhibit 20

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Attorneys for Plaintiffs
Care One Management, LLC, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1199 SEIU United Healthcare Workers East, and New England Health Care Employees Union, District 1199,<br><br>Defendants. | Civil Action No. 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Madeline Cox Arleo, U.S.M.J.<br><br>**INITIAL DEMAND FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, 1199 SEIU UNITED HEALTHCARE WORKERS EAST AND NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199** |

TO: Robert M. Weinberg, Esq.
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, N.W.
Washington, D.C. 20005

**COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Defendants 1199 SEIU United Healthcare Workers East ("UHWE") and New England Health Care Employees Union, District 1199 ("NEHCEU") are requested and required to produce all documents set forth in Schedule A annexed hereto which are in their custody, control, or possession or available to them, their counsel, agents, representatives, or associates.

or authorization of the planning, organizing or execution of, or participation in, any of the events described in the Amended Complaint, including all drafts of such documents.

83. Any and all correspondence or other written or otherwise recorded communications to, from, and/or on behalf of Ricky Elliott, relating in any way to any of the Plaintiffs.

84. Any and all correspondence or other written or otherwise recorded communications to, from, and/or behalf of Elizabeth L. Daley of the UHWE, relating in any way to any of the Plaintiffs.

85. Any and all correspondence or other written or otherwise recorded communications to, from, and/or on behalf of David Pickus of the NEHCEU, relating in any way to any of the Plaintiffs.

86. Any and all correspondence or other written or otherwise recorded communications to, from, and/or on behalf of Deborah Chernoff of the NEHCEU, relating in any way to any of the Plaintiffs.

87. Any and all correspondence or other written or otherwise recorded communications to, from, and/or on behalf of Jennifer Smith of the NEHCEU and/or UHWE, relating in any way to any of the Plaintiffs.

88. The complete employment records and/or personnel files of David Pickus, Deborah Chernoff, Jennifer Smith, Elizabeth L. Daley, and any and all organizers and/or union representatives with any responsibilities relating in any way to the HealthBridge Facilities and/or the Care One Facilities.

89. All documents, materials and electronically stored information identified in your Answer to Plaintiffs' First Set of Interrogatories to you.

# Defendants' Exhibit 21

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Attorneys for Plaintiffs
Care One Management, LLC, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1199 SEIU United Healthcare Workers East, and New England Health Care Employees Union, District 1199,<br><br>Defendants. | Civil Action No. 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J.<br><br>**THIRD SUPPLEMENTAL DEMAND FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, 1199 SEIU UNITED HEALTHCARE WORKERS EAST AND NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199** |

TO: Kathleen M. Keller, Esq.
Bredhoff & Kaiser, PLLC
805 Fifteenth Street, N.W.
Washington, D.C. 20005

**COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Defendants 1199 SEIU United Healthcare Workers East ("UHWE") and New England Health Care Employees Union, District 1199 ("NEHCEU") are requested and required to produce all documents set forth in Schedule A annexed hereto which are in their custody, control, or possession or available to them, their counsel, agents, representatives, or associates.

**DOCUMENTS DEMANDED**

The following documents are hereby demanded:

1. The complete employment records and/or personnel files of Chris Wishart, Joel Brooks, Ancy Destin, Liz Goggin, Jesse Martin, and Jean Venette, and any and all organizers and/or union representatives with any responsibilities relating in any way to any of the Plaintiffs.

# Defendants' Exhibit 22

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 23

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants’ Exhibit 24

[redacted]

[redacted]

# Defendants' Exhibit 25

[redacted]

[redacted]

# Defendants' Exhibit 26

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 27

[redacted]

# Defendants' Exhibit 28

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 29

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 30

[redacted]

[redacted]

# Defendants' Exhibit 31

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Care One Management, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>1199 SEIU United Healthcare Workers East, et al,<br><br>Defendants. | Civil Action No: 2:12-cv-06371<br><br>Honorable Susan D. Wigenton, U.S.D.J.<br>Honorable Michael A. Hammer, U.S.M.J. |

**THIRD SUPPLEMENT TO INITIAL RULE 26(a) DISCLOSURES OF PLAINTIFFS CARE ONE MANAGEMENT, LLC, ET AL.**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the December 1, 2017, Amended Scheduling Order (Doc. 350), all of the Plaintiffs to the above-captioned case (hereinafter collectively referred to as "Plaintiffs") amend part (A) to their disclosures to Defendants 1199 SEIU United Healthcare Workers East ("UHWE"), New England Health Care Employees Union, District 1199 ("NEHCEU"), and Service Employees International Union ("SEIU") (collectively "Defendants" or "Unions") as follows.

**PRELIMINARY STATEMENT**

Plaintiffs have not yet completed their investigation of the facts pertaining to this lawsuit, review of their own documents, discovery, or preparation for trial. Pursuant to the Court's Amended Scheduling Order dated December 1, 2017 (Doc. No. 350), Plaintiffs reserve the right to submit supplemental disclosures within 14 days after the receipt of the supplemental disclosures for the purpose of adding witnesses in response to any newly added witnesses on Defendants' amended disclosures. Plaintiffs further reserve the right to call witnesses who were

processes and unnecessary regulatory actions; Defendants' extortionate bargaining demands; statements by David Pickus during a meeting on August 4, 2011, that HealthBridge needed to sign its "pattern" collective bargaining agreement that NEHCEU was insisting upon, or else it would have to leave the State of Connecticut; and statements by Confidential Witness A recounting an admission by Rickey Elliott that UHWE has decided to deemphasize the traditional NLRA-sanctioned legal framework for organizing employees into unions in favor of a coordinated corporate campaign directed against Plaintiffs designed to bring the Plaintiffs "to their knees" so that the Plaintiffs would have no choice but to recognize Defendant UHWE as the exclusive collective bargaining representatives at all of the facilities managed by Plaintiff Care One; the fact that Defendants arranged to have protestors march across the George Washington Bridge to get to Plaintiffs' headquarters on August 23, 2012; the fact that on that date, approximately 16 members of Defendants then gained unauthorized access to the building and attempted to confront Daniel Straus and other senior Care One Management and HealthBridge officials, and the police had to be called; Plaintiffs' actual or attempted real estate transactions with third-parties with which Defendants interfered; the impact of Defendants' corporate campaign on Plaintiffs; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

c. Joseph Straus. Mr. Straus is expected to have knowledge or information regarding the matters about which he testified at his deposition; the factual bases for some of Plaintiffs' allegations in the Second Amended Complaint; Defendants' unfounded attacks on Mr. Straus's business and personal ventures unrelated to Plaintiffs, including the Straus Institute for Social Justice; Defendants' efforts to have Mr. Straus removed from the NYU Law Board of Trustees; the fact that Defendants arranged to have protestors march across the George

Washington Bridge to get to Plaintiffs' headquarters on August 23, 2012; the fact that on that date, approximately 16 members of Defendants then gained unauthorized access to the building and attempted to confront Daniel Straus and other senior Care One and HealthBridge Management officials, the police had to be called; the impact of Defendants' corporate campaign on Plaintiffs; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

d. Thomas McKinney, Plaintiffs' Senior Vice President, Deputy General Counsel. He is expected to have knowledge or information regarding the matters about which he testified at his deposition in this case; the factual bases for some of Plaintiffs' allegations in the Second Amended Complaint; Defendants' bargaining demands; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; the fact that Defendants arranged to have protestors march across the George Washington Bridge to get to Plaintiffs' headquarters on August 23, 2012; the fact that on that date, approximately 16 members of Defendants then gained unauthorized access to the building and attempted to confront Daniel Straus and other senior Care One and HealthBridge Management officials, the police had to be called; the impact of Defendants' corporate campaign on Plaintiffs; and the damages Plaintiffs have suffered as the result of Defendants' unlawful conduct.

e. Victor Matthew Marcos, Plaintiffs' former Chief Financial Officer. He is expected to have knowledge or information regarding the factual bases for some of Plaintiffs' allegations in the Second Amended Complaint; Defendants' false and misleading statements directed against Plaintiffs; the falsity of those statements; Defendants' abuses of legal processes and unnecessary regulatory actions; Plaintiffs' actual or attempted real estate transactions with

# Defendants' Exhibit 32

**From:** Meade, Meghan T.
**To:** Jacob Karabell
**Cc:** Leon Dayan; Kathleen Keller; Caitlin Kekacs; Kari Fiore-Walker; Boxer, A. Matthew; David Slutsky; George Barbatsuly; Rosemary Alito; Michael Critchley; John Vazquez; Kobil, Scott G.; Amy Luria
**Subject:** RE: Care One Mgmt. et al. v. UHWE et al.
**Date:** Wednesday, January 13, 2016 7:55:00 PM

---

Jacob,

We have reviewed your proposed list of search terms and agree to your proposed terms as to Joseph Straus and Maureen Montegari. We will let you know our response to the terms as to Jackie Elisberg shortly.

Thanks,
Meghan

K&L GATES

**Meghan Meade**
K&L Gates LLP
One Newark Center
Newark, NJ 07102
Phone: 973-848-4119
Fax: 973-848-4001
meghan.meade@klgates.com
www.klgates.com

---

**From:** Jacob Karabell [mailto:jkarabell@bredhoff.com]
**Sent:** Thursday, December 17, 2015 12:54 PM
**To:** Barbatsuly, George P.; Alito, Rosemary; Michael Critchley; John Vazquez; Kobil, Scott G.; Meade, Meghan T.; Amy Luria
**Cc:** Leon Dayan; Kathleen Keller; Caitlin Kekacs; Kari Fiore-Walker; Boxer, A. Matthew; David Slutsky
**Subject:** RE: Care One Mgmt. et al. v. UHWE et al.

Counsel—

Following up on our meet-and-confer discussions regarding Plaintiffs' document custodians, attached is a list of proposed searches for documents in the custody of Jackie Elisberg, Joseph Straus, and Maureen Montegari.

Regards,
Jacob

Jacob Karabell
Bredhoff & Kaiser P.L.L.C.
805 15th Street N.W.

# Defendants' Exhibit 33

Defendants' Proposed Searches for Documents in the Custody of Jackie Elisberg, Joseph Straus, and Maureen Montegari

Jackie Elisberg

*Categories of Documents To Produce or Log (Both "EDOCS" and paper documents)*

- Documents related to union representation, union organizing, and/or union avoidance (DR 20, 22, 67, 68, 69)
- Documents relating to Plaintiffs' sabotage allegations (DR 23, 24, 25)
- Documents relating to demonstrations at NYU (DR 21, 50)
- Documents related to Defendant UHWE's alleged demand for card check/"neutrality" (DR 5, 29)
- Documents related to August 23, 2012 incident at Plaintiffs' headquarters in Fort Lee, N.J. (DR 26)
- Documents related to Daniel or Moshael Straus' knowledge of/responsibility for labor practices or decisions made by the Plaintiffs (DR 7, 8, 9, 10, 11, 12)
- Documents related to attempted acquisitions of Kateri and Merrimack (FSDR 6, 7)
- Plaintiffs' response to Defendants' statements alleged to be false, misleading, or extortionate (DR 18, 19, 44, 54, 69)

*Search Strings for Email*

- "SEIU"
- "Service Employee*"
- "1199"
- "union*"
- "NEHCEU"
- "UHWE"
- "UHE"
- "archcare"
- "kateri"
- "merrimack"
- "zupnik"
- "sabotage"
- "damag*" /10 "newington"
- "damag*" /10 "Danbury"
- "damag*" /10 "long ridge"
- "damag*" /10 "Stamford"
- "wrist band"
- "wristband"
- "card check"
- "neutral*"

- "trespass*"
- petition*
- strik*
- lockout*
- "corporate campaign*"
- "contract campaign*"
- "NLC"
- "national labor consultant*"
- "Peraino"
- "Dreiss"
- "attack ad*"
- "negative ad*"
- "elect*" & "somerset"
- "elect*" & "woodcrest"
- "elect*" & "madison"
- "elect*" & "oradell"
- "elect*" & "morris"
- "overbilling"
- "antipsychotic*"
- "anti-psychotic*"
- "administrat*" /10 "turnover"
- "open letter"

---

<u>Joseph Straus</u>

*Categories of Documents To Produce or Log (Both "EDOCS" and paper documents)*

- Documents related to August 23, 2012 incident at Plaintiffs' headquarters in Fort Lee, N.J. (DR 26)
- Documents relating to demonstrations at NYU (DR 21, 50)
- Documents related to union representation, union organizing, and/or union avoidance (DR 20, 22, 67, 68, 69)

*Search Strings for Email*

- "SEIU"
- "Service Employee*"
- "1199"
- "union*"
- "NEHCEU"
- "UHWE"

- “UHE”
- “corporate campaign*”
- “contract campaign*”
- “olga”
- “LSEJ”
- “SLAM”
- “economic justice”
- “labor action”
- “labor movement”
- “worker*” /10 “rights”
- “victor”
- “silverio”
- “trespass*”
- “petition*”
- “herrine”
- “gertner”

---

<u>Maureen Montegari</u>

*Categories of Documents To Produce or Log (Both “EDOCS” and paper documents)*

- Documents related to union representation, union organizing, and/or union avoidance (DR 20, 22, 67, 68, 69)
- Documents relating to Plaintiffs’ sabotage allegations (DR 23, 24, 25)
- Plaintiffs’ response to Defendants’ statements alleged to be false, misleading, or extortionate (DR 18, 19, 44, 54, 69)

*Search Strings for Email*

- “SEIU”
- “Service Employee*”
- “1199”
- “union*”
- “NEHCEU”
- “UHWE”
- “UHE”
- “sabotage”
- “vandal*”
- “damag*” /10 “newington”
- “damag*” /10 “Danbury”
- “damag*” /10 “long ridge”

- "damag*" /10 "Stamford"
- "wrist band"
- "wristband"
- "corporate campaign*"
- "contract campaign*"
- "billboard"
- "anti-psychotic*"
- "antipsychotic*"
- "overbilling"
- "administrat*" /10 "turnover"
- "elect*" & "somerset"
- "elect*" & "woodcrest"
- "elect*" & "madison"
- "elect*" & "oradell"
- "elect*" & "morris"
- "Peraino"
- "Dreiss"
- "national labor consultant*"
- "NLC"
- "vigilan*"
- "vulnerab*"
- "external" /10 "activit*"
- "Jacques"
- "Napolitano"
- "Claudio"
- "Wells" & "Valerie"
- "Wells" & "Valarie"

# Defendants' Exhibit 34

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 35

[redacted]

[redacted]

# Defendants' Exhibit 36

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 37

[redacted]

[redacted]

# Defendants' Exhibit 38

[redacted]

[redacted]

[redacted]

# Defendants' Exhibit 39

[redacted]

[redacted]

[redacted]

# Defendants’ Exhibit 40

[redacted]

[redacted]

[redacted]

[redacted]