UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARE ONE MANAGEMENT, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE WORKERS EAST, SEIU, 1999, et al., <br><br> Defendants. | Civil Action No. 12-6371 (SDW) (MAH) <br><br> OPINION |

This matter comes before the Court on Plaintiffs Care One Management, LLC; HealthBridge Management, LLC; Care One, LLC; and Care Realty, LLC's ("Plaintiffs") motion to seal and redact proposed trial exhibits pursuant to Local Civil Rule 5.3(c).[1] Mot. to Seal, Jan. 29, 2025, D.E. 596-1; *see also* Reply Br., Feb. 28, 2025, D.E. 605-2. Defendants 1199SEIU United Healthcare Workers East ("UHWE"); New England Health Care Employees Union, District 1199 ("NEHCEU"); and Service Employees International Union (collectively, "Defendants") oppose the motion in part and consent in part. Opp'n, Feb. 10, 2025, D.E. 599. The Court has considered the submissions in support of, and in opposition to, the motion. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides this motion without oral argument. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

---

[1] The documents Plaintiffs seek to redact or seal in their entirety are listed in Amended Appendix A of Plaintiffs' reply brief in further support of the motion to seal. *See* Supplemental Declaration of Rosemary Alito, Esq. ("Suppl. Alito Decl."), D.E. 605-2, Am. App. A.

1

I.   **BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant motion.[2]

On April 21, 2014, the parties entered a stipulated confidentiality order.  Order, D.E. 95. On October 15, 2024, December 20, 2024, and February 27, 2025, the parties jointly submitted proposed final pretrial orders.  *See* Joint Proposed Final Pretrial Orders, D.E. 515, D.E. 555, D.E. 604.  The draft final pretrial orders included the parties' proposed exhibits.  Certain of those exhibits contained materials previously designated as Confidential, Confidential Attorneys' Eyes Only, and Confidential Health Information, pursuant to the stipulated confidentiality order.  On March 4, 2025, the Undersigned entered the Final Pretrial Order.  *See* Joint Final Pretrial Order, D.E. 607.

On January 29, 2025, Plaintiffs filed a motion to seal some of the proposed trial exhibits. Mot. to Seal, D.E. 596.  Plaintiffs contend that these trial exhibits contain confidential or highly sensitive material, and that sealing those exhibits "is required to protect Plaintiffs' legitimate financial, strategic, and other related interests."  Declaration of Rosemary Alito, Esq. ("Alito Decl."), D.E. 596-1, ¶ 4.  Plaintiffs' counsel represents that the material includes "business and commercial information, including detailed financial statements, operational reports, and budgeting and financial forecasting communications," *id.* ¶ 5; information "regarding Plaintiffs' Human Resources, employee relations, labor relations, and contract negotiation strategies and processes[,]" *id.* ¶ 6; and "personal information of the residents receiving care in their facilities[,]" *id.* ¶ 7.

---

[2] A more detailed recitation of the facts and procedural history is set forth in the District Court's March 28, 2024 opinion that partially granted Defendants' motion for summary judgment.  *See* Op., Mar. 28, 2024, D.E. 503.

Defendants oppose the motion, in part. Defendants agree that personal information of the residents who received care, and their personal identifying information, should be redacted and/or sealed. Opp'n, Feb. 10, 2025, D.E. 599, at 10-11. However, Defendants argue that for many of the other documents that Plaintiffs seek to seal, Plaintiffs have failed to meet their burden. *Id.* at 4. Defendants assert Plaintiffs broadly state there is a potential for harm and fail to explain, for any particular document, how disclosure would cause Plaintiffs to suffer specific actual harm. *Id.* at 5-6. Defendants also observe that the materials Plaintiffs seek to protect are roughly ten-to-fifteen years old, making any harm from disclosure difficult to understand. *Id.* 7. Finally, Defendants contend that Plaintiffs fail to show why there is no less restrictive alternative to sealing available, especially considering that exhibits related to Plaintiffs' strike planning and exhibits related to Plaintiffs' facilities' capital investments are likely to come up at trial, repeatedly. *Id.* at 8-9.

After Defendants filed their opposition, the parties met and conferred, and Plaintiffs revised the materials they sought to be sealed. *See* Suppl. Alito Decl., Feb. 28, 2025, D.E. 605-2, ¶ 3. Specifically, Plaintiffs withdrew their request to seal one of the trial exhibits, and the parties have agreed to redact/seal twelve trial exhibits, as well as portions of the expert damages reports of Seth Fliegler and Edward R. Casas. *See id.*, Am. App. A. Nonetheless, Plaintiffs still seek to seal sixty-nine proposed trial exhibits. *See id.* The operative appendix in support of this motion to seal is Plaintiffs' Amended Appendix A.

**II.     DISCUSSION**

It is well-settled that there is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001). Therefore, when a moving party seeks an order sealing court records, it must demonstrate that "good cause" exists to overcome the presumption in favor of public access. *Securimetrics, Inc. v. Iridian Techs., Inc.,*

3

No. 03-4394, 2006 WL 827889 (D.N.J. Mar. 30, 2006). Typically, a motion to seal is granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information. *See CDK Global LLC v. Tulley Auto Grp., Inc.,* No. 15-3103, 2017 WL 870400, *4 (D.N.J. Mar. 3, 2017); *see also Bradford & Bigelow v. Richardson*, 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015) ("The public interest is strongest (and the burden to overcome it the highest) for documents introduced at trial."). In this District, courts look to Local Civil Rule 5.3 to determine whether a movant has demonstrated "good cause." Rule 5.3(c) directs that a Court must consider the following four factors:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and]
>
> (d) why a less restrictive alternative to the relief sought is not available[.] . . .

Plaintiffs seek to seal, in their entirety, sixty-nine trial exhibits.[3] The parties agree that the

---

[3] As discussed above, the parties have met-and-conferred and agreed to redact or seal twelve trial exhibits, which will not be further addressed in this Opinion and Order. *See* Suppl. Alito Decl., Am. App. A. Specifically, the parties agree to redact or seal the personal information of the non-party residents receiving care in Plaintiffs' facilities. *See Bertolotti v. AutoZone, Inc.*, 132 F. Supp. 3d 590, 609 (D.N.J. 2015) ("The Third Circuit has recognized the important privacy interest in one's medical records.") (citing *Everett v. Nort*, 547 Fed. App'x 117, 122 n. 9 (3d Cir. 2013) (internal citation omitted)). To leave no doubt, the following exhibits will be redacted:

1. DX-040;
2. DX-045; and
3. DX-050.

And the following exhibits will be sealed in their entirety:

4. DX-433;
5. DX-039;

exhibits can be grouped into two categories: (1) "commercially sensitive business and financial information;" and (2) "Plaintiffs' Human Resources, employee relations, labor relations, and contract negotiation strategies and processes." Alito Decl., D.E. 596-2, ¶¶ 3-5; *see also* Suppl. Alito Decl., D.E. 605-2, Am. App. A, at 3-21.

### A. The Nature of the Materials or Proceedings at Issue and Whether There is a Legitimate Private or Public Interest Which Warrant the Relief Sought

The first factor requires Plaintiffs to provide a detailed description of the documents they seek to seal. *See Horizon Pharma AG v. Watson Laboratories Inc.*, No. 13-5124, 2015 WL 12859244, at *1 (D.N.J. Sept. 14, 2015); *Horizon Pharma AG v. Watson Laboratories Inc.*, No. 13-5124, 2015 WL 12859244, at *1 (D.N.J. Sept. 14, 2015). In support of their motion, Plaintiffs included an amended appendix that identifies the documents Plaintiffs seek to seal. *See* Suppl. Alito Decl. D.E. 605-2, Am. App. A. The descriptions of the documents sufficiently provide the nature of the materials. For example, Plaintiffs describe PX-0096 as, "E-mail with attached memo regarding union negotiations for Wethersfield HCC"; PXP X-0133 as "Income Statement of Danbury HCC"; PX-1259 as, "E-Mail regarding strike preparations attaching 'Clinical Facility Strike Preparedness Plan'"; and PX-1299 as, "E-mail regarding budget allocation issues and bankruptcy of the HealthBridge CT facilities." *See id.*, Am. App. A, at 4-9.

---

6. PX-0197 (at CTCSA000068);
7. PX-0323;
8. PX-0626 (at CareOne_00000941);
9. PX-1261 (at CTCSA000068);
10. PX-1262;
11. PX-1439; and
12. PX-2014.

Suppl. Alito Decl., D.E. 605-2, Am. App. A. Further, the parties have agreed to redact portions of the expert damages report of Seth Fliegler and Edward R. Casas. *See id.* As to PX-1539, Plaintiffs describe the exhibits as "E-mails regarding patient referrals and pending patient discharges." *Id.*, Am. App. A, at 12. Plaintiffs represent that they will meet-and-confer with Defendants as to appropriate redactions for PX-1539, if any.

Defendants do not contest the adequacy of the Plaintiffs' descriptions of the documents sought to be sealed. Defendants also do not contend that there is no legitimate private interest which warrants the relief sought. Courts in this District have consistently determined that "the confidentiality of business agreements, trade secrets or commercial information [is] a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace." *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012); *see also Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2007 WL 2085350, *5 (D.N.J. July 18, 2007) (finding that "[m]aintaining competitiveness is a legitimate private interest which warrants sealing"); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest when public disclosure of the information could have negatively affected the moving party's "negotiating position in its business"). Therefore, the Court finds there is a legitimate private interest in keeping these business agreements and negotiation strategies confidential.

### B. The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted

Plaintiffs must establish that absent sealing the materials, they will suffer a clearly defined and serious injury. Plaintiffs broadly explain these documents can reveal current financial strategy, strengths and weaknesses as well as "Plaintiffs' company-wide strategies and approaches to labor relations and contract negotiations that remain in use today." *See* Reply Br., D.E. 605-1, at 3.

Plaintiffs' assertions of injury or harm that may result from disclosure consist of conclusory contentions listed in Plaintiffs' Amended Appendix. Plaintiffs' list sixty-nine exhibits to seal in their entirety, sixty-eight of which broadly state their "property and privacy

6

interests" are implicated. *See* Suppl. Alito Decl., D.E. 605-2, Am. App. A, at 4-19.[4] Of those sixty-eight, fifty-two[5] proposed exhibits state the basis is "to avoid injury from providing such sensitive information to competitors." *See* Suppl. Alito Decl., D.E. 605-2, Am. App. A, at 3-21. The remaining sixteen of the exhibits relate to Plaintiffs' labor relations and contract negotiation strategies and processes, and the potential harm of disclosing the information contained therein to competitors; "union members and representatives who have bargained, or may bargain, against Plaintiffs; and other potentially interested parties." *See id.*

Plaintiffs' conclusory assertions of potential harm are insufficient. Plaintiffs have failed to specifically explain what harm might result from this information being disclosed with any particularity. Further, Plaintiffs fail to identify where such information is located within the documents. *See Hahn v. OnBoard, LLC*, No. 09-3639, 2011 WL 13364577, at *3 (D.N.J. Feb. 18, 2011) (stating a failure to identify specific harm and why public disclosure "will lead to a loss of business or competitive advantage and/or how or where such information is located in the contents off all the documents" provides good cause to deny a party's motion to seal). This deficiency is especially pronounced considering that nearly every potential harm Plaintiffs cite is the same rote recitation—*i.e.,* avoiding "injury from providing such sensitive information to competitors." *See* Suppl. Alito Decl., D.E. 605-2, Am. App. A, at 3-21. Although the Court recognizes a moving party's loss of competitive standing in the current market is the type of serious injury that might warrant protection of confidential material, *see Goldenberg*, 2012 WL

---

[4] The sole exception is PX-1539. As discussed above, Plaintiffs seek to seal this document because of the privacy interests of non-parties and their personal health information.

[5] The Amended Appendix A lists fifty-four total proposed exhibits containing this basis for redacting/sealing. However, Plaintiffs have withdrawn their request for two exhibits—DX-327 and PX-1759. Suppl. Alito Decl., D.E. 605-2, Am. App. A, at 13-14, 17. As to PX-1759, the parties have separately agreed to redact portions of PX-1759. *Id.* at 13-14.

15909 at *4 (finding that a competitor's ability to review financial information pertaining to one's business would give those competitors an unfair advantage in the marketplace), Plaintiffs' threadbare explanations of potential harm do not provide a basis to seal.

Moreover, considering the age of these documents, Plaintiffs must demonstrate why sealing these decade-old documents is necessary to protect Plaintiffs from harm. *See Opperman v. Allstate New Jersey Ins. Co.*, No. 07-1887, 2009 WL 3818063, at *9 (D.N.J. Nov. 13, 2009) (noting that the "age and attenuated bearing" of business documents on "current operations strongly mitigate[s] [any private] interest in maintaining their confidentiality"); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 485 (D.N.J. 1990) (noting that the "purported need for protection is substantially diminished where the passage of time has made such documents stale"). Without that showing, it is unclear to the Court the necessity of sealing these documents.

Therefore, this factor decisively weighs against Plaintiffs' motion.

### D.      Why A Less Restrictive Alternative to the Relief Sought Is Not Available

Plaintiffs also fail to explain why a less restrictive alternative to sealing is unavailable. Plaintiffs merely assert that "[r]edaction of this Confidential Information is the least restrictive method of effectively protecting it." Alito Decl., D.E. 596-1, ¶ 10; *see also* Suppl. Alito Decl., D.E. 605-2, ¶ 4 (stating the same). Such a blanket assertion, bereft of any indication that Plaintiffs considered alternatives, such as partial redaction of the documents, or an explanation as to why those less restrictive alternatives are insufficient, itself requires denial of the motion. *See Bradford & Bigelow*, 109 F. Supp. 3d at 447-48 (stating the public interest is strongest for documents introduced at trial).

This concern is not simply academic. As Defendants note, some of the materials Plaintiffs seek to seal will likely come up repeatedly at trial. Opp'n, D.E. 599, at 9. Complete

sealing of those sixty-nine exhibits would risk requiring the District Court to repeatedly open and close the courtroom throughout the trial.

### III.    CONCLUSION

For the reasons discussed above, the Court will grant Plaintiffs' motion with respect to the twelve exhibits the parties have met-and-conferred upon. Therefore, as to the three documents that will be redacted and the nine documents that will be sealed in their entirety, the parties shall submit a proposed stipulation on or before April 4, 2025.

As to the remaining exhibits, the Court will deny Plaintiffs' motion without prejudice. An appropriate Order accompanies this Opinion.

<u>s/ Michael A. Hammer</u><br>
**United States Magistrate Judge**

**Dated:      March 25, 2025**